**PARDALIS & NOHAVICKA LLP**
Anastasi Pardalis (357512021)
Joseph D. Nohavicka (pro hac vice forthcoming)
Israel Klein (pro hac vice forthcoming)
Eleni Melekou (pro hac vice forthcoming)
950 Third Avenue, 31st Floor
New York, NY 10022
(212) 213-8511
taso@pnlawyers.com
jdn@pnlawyers.com
israel@pnlawyers.com
eleni@pnlawyers.com

*Attorneys for Defendants Deleteme USA, LLC, Deleteme Europe Ltd, and Criton Tornaritis*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------------x

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,

*Plaintiffs*,

-against-

DELETEME USA, LLC, DELETEME EUROPE LTD, CRITON TORNARITIS, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

*Defendants*.

----------------------------------------------------------------------x

**NOTICE OF REMOVAL**

Previously pending in the Superior Court of New Jersey, Essex County Docket No. ESX-L-005000-26

**PLEASE TAKE NOTICE** that Defendants DeleteMe USA, LLC, DeleteMe Europe Ltd, and Criton Tornaritis (collectively, "Defendants"), through their undersigned counsel, hereby give notice of the removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District

Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446, as amended, and in accordance with 28 U.S.C. § 1332

In support of this Notice of Removal, Defendants respectfully state as follows:

**I. Nature of the Action and State Court Proceedings**

1. Plaintiffs commenced this civil action in the Superior Court of New Jersey, Law Division, Essex County, under Docket No. ESX-L-005000-26, by filing a Complaint on June 23, 2026.

2. The Complaint alleges claims under New Jersey's Daniel's Law, P.L. 2021, c. 371 (codified as amended at N.J.S.A. § 2C:20-31 et seq.), and seeks, *inter alia*, injunctive relief, statutory damages of not less than $1,000 per violation, punitive damages, attorneys' fees, and other relief.

3 While the Plaintiff contends that service of process has been made in accordance with the Hague Convention via postal channels, the Defendants deny having been properly served with process and all objections and defenses related to service of process and personal jurisdiction are maintained. No such objection or defense is waived. Under New Jersey civil practice rules, Defendants time to answer, move to dismiss, or otherwise respond to the Complaint has not yet begun to run. As a result, no Defendant's time to respond to the Complaint has expired. Defendants expressly reserve their rights under Fed. R. Civ. P. 81 to hereafter answer or present other defenses or objections in accordance with the Federal Rules of Civil Procedure. In any event, even had service

been properly made, the Defendants' time to appear, answer, or otherwise respond to the complaint has not expired.

**II. Grounds for Removal: Diversity Jurisdiction, 28 U.S.C. § 1332**

4. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. As a matter of law, and in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- citizens of a State and citizens or subjects of a foreign state. . ." 28 U.S.C. 1332(a)(2). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441 and 1446.

a. Citizenship of Defendants.

5. DeleteMe USA, LLC is a limited liability company formed in Delaware. All members of DeleteMe USA, LLC are citizens of Cyprus. Accordingly, DeleteMe USA, LLC is a citizen of Cyprus. *GBForefront, L.P. v Forefront Mgt. Group, LLC*, 888 F.3d 29, 34 (3d Cir 2018), *quoting Zambelli Fireworks Mfg. Co., Inc. v Wood*, 592 F.3d 412, 420 (3d Cir 2010); ("a limited liability company is a citizen of all the states of its members"); *Lincoln Ben. Life Co. v AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir 2015), *quoting Zambelli, supra*; *Atlas Data Privacy Corp. v Blackbaud, In*c., 757 F Supp 3d 605, 611 (D.N.J. 2024), *citing Zambelli, supra*.

6. The complaint alleges that DeleteMe Europe Ltd is a private limited company organized under the laws of Cyprus and is a citizen of Cyprus.

7. The complaint further alleges that Criton Tornaritis is a citizen of Cyprus.

8. As a matter of law, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

b. Citizenship of Plaintiffs

9. The Complaint alleges that the individuals identified as Plaintiffs are residents of New Jersey.

10. The Complaint alleges that Atlas Data Privacy Corporation is a Delaware corporation with a principal place of business in Jersey City, New Jersey, within the District of New Jersey.

c. Amount in Controversy

11. Plaintiffs seek actual damages, statutory liquidated damages "not less than" $1,000 per violation, punitive damages, attorneys' fees, and broad injunctive relief, and allege approximately 6,626 assignors in addition to the individual plaintiffs. Accordingly, based on the alleged number of assignors, as to the assignors alone the Complaint alleges an amount in controversy of not less than $6,626,000 (6,626 assignors * $1,000.00).

12. Based on the Complaint's allegations and requested relief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

d. Complete Diversity

13. In accordance with 28 U.S.C. § 1332(a)(2), complete diversity of citizenship exists because the Plaintiffs and Defendants are citizens of different states and foreign states. Furthermore, this action is removable because Defendants are not citizens of the state in which this action was commenced. See 28 U.S.C. § 1441(b)(2).

III. Venue

14. Venue is proper in the District of New Jersey under 28 U.S.C. §§ 110, 1441(a), and 1446(a), because the state action was filed in the Superior Court of New Jersey, Law Division, Essex County.

IV. Timeliness and Procedural Requirements

15. Defendants file this Notice of Removal before any proper service of process and thus before the time period for an answer expired, as measured under 28 U.S.C. § 1446(b). Defendants expressly deny that service of process has been properly effected to and without waiver of that defense. Likewise, the Defendants further deny the existence of personal jurisdiction in New Jersey as to any Defendant and maintain that defense as well.

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served or filed in the state action that are in Defendants' possession are attached as **Exhibit A**.[1]

---

1These filings were largely secured from the New Jersey eCourts website and were not received as the result of service.

17. All non fictitious Defendants consent to removal. To the extent any Defendant has not been properly served, consent is not required under 28 U.S.C. § 1446(b)(2)(A). Defendants reserve all objections to service and jurisdiction.

18. The Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as the United States District Court for the District of New Jersey embraces the Superior Court of the State of New Jersey, where Plaintiffs' action was pending.

19 .Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice, Defendants will give written notice to Plaintiffs and will file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, attaching this Notice and its exhibits.

V. Reservations and Defenses

18. The Defendants deny all liability and the adverse allegations in the Complaint. Defendants specifically deny that service of process has been made. Defendants further deny that Courts sitting in New Jersey have personal jurisdiction over them. Defendants reserve all defenses and objections to the complaint, and motions directed thereto, including under Federal Rule of Civil Procedure 12, and any defenses based on jurisdiction, venue, insufficiency sufficiency of process, forum, service, parties, standing, capacity to sue and be sued, and failure to state a claim. No statement herein shall be deemed a waiver of any defense.

VI. Prayer for Relief

20. Defendants request that this Court accept jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, that the state action be removed to this Court, and that this Court make all further orders as may be just and proper.

Dated: August 24, 2026

Respectfully submitted,

PARDALIS & NOHAVICKA, LLP

/s/ *Anastasi Pardalis*
Anastasi Pardalis (357512021)
Joseph D. Nohavicka (pro hac vice forthcoming)
Israel Klein (pro hac vice forthcoming)
Eleni Melekou (pro hac vice forthcoming)
950 Third Avenue, 31st Floor
New York, NY 10022
(212) 213-8511
taso@pnlawyers.com
jdn@pnlawyers.com
israel@pnlawyers.com
eleni@pnlawyers.com

*Attorneys for Defendants DeleteMe USA, LLC, DeleteMe Europe Ltd, and Criton Tornaritis*

Certificate of Service

I hereby certify that on August 24, 2026, I caused a true and correct copy of the foregoing Notice of Removal, together with all exhibits, to be served via email upon counsel for Plaintiffs, and same will be further served together with Notice of Filing a Notice of Removal via New Jersey eCourts.

PEM Law LLP
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Jessica A. Merejo, Esq.
One Boland Drive, Suite 101
West Orange, New Jersey 07052
rparikh@pemlawfirm.com;
keinhorn@pemlawfirm.com;
jmerejo@pemlawfirm.com

/s/ *Anastasi Pardalis*
Anastasi Pardalis (357512021)