**PARDALIS & NOHAVICKA LLP**
Anastasi Pardalis (357512021)
Joseph D. Nohavicka (pro hac vice forthcoming)
Israel Klein (pro hac vice forthcoming)
Eleni Melekou (pro hac vice forthcoming)
950 Third Avenue, 31st Floor
New York, NY 10022
(212) 213-8511
taso@pnlawyers.com
jdn@pnlawyers.com
israel@pnlawyers.com
eleni@pnlawyers.com

*Attorneys for Defendants Deleteme USA, LLC, Deleteme Europe Ltd, and Criton Tornaritis*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------------x

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,

*Plaintiffs*,

-against-

DELETEME USA, LLC, DELETEME EUROPE LTD, CRITON TORNARITIS, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

*Defendants*.

----------------------------------------------------------------------x

**Case No. 26-cv-10945**

**Motion Day:**
**September 21, 2026**

**<u>Oral Argument Requested</u>**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND VACATE STATE COURT CLERK'S NOTING OF A DEFAULT ON THE DOCKET

## TABLE OF CONTENTS

*Page*

Table of Contents .......... i

Table of Authorities .......... ii

Preliminary Statement .......... 1

Pertinent Procedural Background .......... 2

Facts and Proceedings .......... 2

Argument .......... 4

Point I: Rule 12(b)(2): The Court Does Not Have Personal Jurisdiction Over the Defendants .......... 4

A. Relatedness .......... 10

B. Fair Play and Substantial Justice .......... 11

C. General Jurisdiction Is Absent .......... 12

Point II: Rule 12(b)(6): Plaintiffs' Complaint Fails to State a Cause of Action .......... 12

A. Pleading Standards and Elements .......... 12

B. Plaintiffs Fail to Plausibly Plead Possession/Disclosure by The Defendants .......... 15

C. Plaintiffs Do Not Plausibly Plead Negligence .......... 15

D. Deleteme USA Had Not Yet Been Formed When Plaintiff's Allegedly Acted .......... 16

Point III: Rule 12(b)(5): Service of Process Was Not Made .......... 17

Point IV: The Putative "Default" Should Be Vacated .......... 22

Conclusion .......... 25

## TABLE OF AUTHORITIES

*Page(s)*

**Federal Cases**

*Amberson Holdings LLC v Westside Story Newspaper,* 110 F Supp 2d 332 (D.N.J. 2000) ........ 5, 9

*Ameripay, LLC v Ameripay Payroll, Ltd.*, 334 F Supp 2d 629 (D.N.J. 2004) ........ 12

*Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, 2018 WL 6716104 (DNJ Dec. 20, 2018) ........ 22

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 13-15

*Atlas Data Privacy Corp. v Quantarium All., LLC,* 2026 WL 765716 (DNJ Mar. 18, 2026) ........ 11

*Atlas Data Priv. Corp. v. We Inform, LLC*, 2025 WL 1787566 (DNJ June 27, 2025) ........ 14, 15

*Atlas Data Priv. Corp. v. We Inform, LLC*, 758 F. Supp. 3d 322 (D.N.J. 2024) ........ 14, 15

*Badalamenti v Resideo Tech., Inc.*, 807 F Supp 3d 414 (D.N.J. 2025) ........ 13

*Barrett v. Catacombs Press,* 44 F.Supp.2d 717 (E.D.Pa. 1999) ........ 9

*Beasley v Howard*, 14 F.4th 226 (3d Cir 2021) ........ 13

*Bektas v Isaacson*, 2026 WL 313181 (DNJ Feb. 5, 2026) ........ 24

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 12-15

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ........ 6-7, 11

*Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141 (3d Cir. 1992) ........ 5

*Chamberlain v Giampapa*, 210 F.3d 154 (3d Cir 2000) ........ 23

*City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872 (3d Cir. 2018) ........ 13

*Cruz v City of Newark,* 2026 WL 1067786 (DNJ Apr. 20, 2026) ........ 22

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ........ 6-7, 12

*Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287 (3d Cir.1996) ........ 5

*Decker v Circus Circus Hotel*, 49 F Supp 2d 743 (D.N.J. 1999) ........ 10

*Demetro v N.A. of Bunco Investigations*, 2017 WL 3923290 (DNJ Sept. 7, 2017) ........ 9

*Display Works, LLC v. Bartley,* 182 F. Supp. 3d 166 (D.N.J. 2016) ........ 10

*Eagle Fruit Traders, LLC v Ultra Fresh, LLC*, 2019 WL 5704503 (DNJ Nov. 5, 2019) ........ 23

*Emcasco Ins. Co. v Sambrick*, 834 F.2d 71 (3d Cir 1987) ........ 24

*Etrailer Corp. v Unbeatablesale.com, Inc.*, 2024 WL 1016200 (DNJ Mar. 8, 2024) ........ 7

*Fatouros v. Lambrakis*, 627 F. App'x 84 (3d Cir. 2015) ........ 9

*Fedoseev v Tempus Logix*, 2026 WL 2124008 (DNJ July 23, 2026) ........ 23

*Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559 (3d Cir. 2020) ........ 13

*Fischer v Fed. Express Corp.*, 42 F.4th 366 (3d Cir 2022) ........ 5

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct*., 592 U.S. 351 (2021) ........ 6, 11

*Furando v Komie*, 2026 WL 1005054 (DNJ Apr. 14, 2026) ........ 22

*General Elec. Co. v. Deutz AG*, 270 F.3d 144 (3d Cir.2001) ........ 4

*Glob. Trademarks, Inc. v Zhao*, 2026 WL 1893998 (DNJ July 1, 2026) ........ 17-19

*Gold Kist, Inc. v Laurinburg Oil Co.*, Inc., 756 F.2d 14 (3d Cir 1985) ........ 23, 24

*Gonzalez v BAM Trading Services, Inc.*, 2026 WL 765378 (DNJ Mar. 18, 2026) ........ 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ........ 6, 12

*Grink v Virtua Health, Inc.*, 812 F Supp 3d 434 (D.N.J. 2025) ........ 14

*Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120 (3d Cir.1983) ........................................ 24

*Handle v Postmaster Gen., United States Postal Serv.*,
806 Fed Appx 95 (3d Cir 2020) .......................................................................... 23

*Hankins v Doubletree Mgt., LLC*, 2022 WL 3013089 (DNJ July 29, 2022) ................................. 9

*Hasson v FullStory, Inc.*, 114 F.4th 181 (3d Cir 2024) ....................................................... 4, 10-11

*Hatchigian v Ford*, 2023 WL 2823893 (3d Cir Apr. 7, 2023) ..................................................... 24

*Helicopteros Nacionales de Colombia, S.A. v Hall,* 466 U.S. 4084 (1984) .................................. 6

*Hikma Pharm. USA Inc. v Amarin Pharma, Inc.,* --- U.S. ---, 146 S Ct 1391 (2026) ................. 12

*Hritz v Woma Corp.*, 732 F.2d 1178 (3d Cir 1984) .......................................................... 24

*HV Assoc., LLC v PNC Bank, N.A.*, 2019 WL 13410696 (DNJ Apr. 18, 2019)............................ 6

*In re Fragrance Direct Purchaser Antitrust Litig.*, 2025 WL 572827
(DNJ Feb. 21, 2025)................................................................................................ 5

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ......................................................... 6

*Kidd v Lourdes Med. Ctr. at Burlington*, 2025 WL 1672371 (3d Cir June 13, 2025) ................. 23

*Kinch v Caulfield*, 2026 WL 884959 (DNJ Mar. 31, 2026).................................................. 24, 25

*Leavitt v Sky Warrior Bahamas Ltd.*, 2024 WL 4275052 (DNJ Sept. 24, 2024)......................... 18

*Machulsky v. Hall,* 210 F. Supp. 2d 531 (D.N.J. 2002)................................................................. 9

*Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561 (3d Cir. 2017) ................................................ 7

*Malleus v. George*, 641 F.3d 560 (3d Cir. 2011) ......................................................................... 14

*MaxLite, Inc. v ATG Elecs., Inc.*, 193 F Supp 3d 371 (D.N.J. 2016).................................... 4-5, 10

*Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros.*, 983 F.2d 551 (3d Cir. 1993)........................... 9

*Mettle v First Union Nat. Bank,* 279 F. Supp 2d 598 (D.N.J. 2003)............................................ 25

*Miller Yacht Sales, Inc. v Smith*, 384 F.3d 93 (3d Cir 2004)......................................................... 5

*Milliken v. Meyer*, 311 U.S. 457 (1940)........................................................................................ 6

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) ................................................ 19

*Mycone Dental Supply Co., Inc. v Generic Mfg. Corp.*, 2023 WL 3742827
(DNJ May 31, 2023) ........................................................................................ 24

*Nyholm v Pryce*, 259 F.R.D. 101 (D.N.J. 2009)........................................................... 23-24

*O'Connor v Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 (3d Cir 2007) .......................................... 4

*Ontel Products Corp. v Mindscope Products*, 220 F Supp 3d 555 (D.N.J. 2016) ....................... 12

*Panda Americas, Inc. v Future Fund Investments Corp.*, 2025 WL 2828346
(DNJ Oct. 6, 2025)......................................................................................... 25

*Patterson v. Fed. Bur. Investig.*, 893 F.2d 595 (3d Cir. 1990)........................................................ 5

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002)....................................................... 10

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) ...................................... 23

*Pue v New Jersey Tr. Corp.*, 2023 WL 2930298 (3d Cir Apr. 13, 2023) ..................................... 25

*Shulman v Weston*, 816 F Supp 3d 495 (D.N.J. 2025) ................................................................. 13

Spering *v. Sullivan*, 361 F. Supp. 282 (D. Del 1973)..................................................................... 16

*Subaru of Am., Inc. v Cheshire Foreign Auto Serv., Inc.*, 2024 WL 2319337
(DNJ May 22, 2024) ......................................................................................... 8

*Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61 (3d Cir.1984).................................. 5

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) ............................................ 8-10

*Travelodge Hotels, Inc. v. Vijay Invs., LLC,* 2007 WL 4557641
(DNJ Dec. 21, 2007) ....................................................................................... 19

*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) ......................... 23, 25

*US Info. Group LLC v Data Blade LLC*, 2025 WL 3640959 (DNJ Dec. 16, 2025)..................... 24

*Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017) ........................................................................ 21

*Weber v Jolly Hotels*, 977 F Supp 327 (D.N.J. 1997) ............................................................... 5, 9

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D.Pa.1997)................................ 8-9

**New Jersey Cases**

*A & S Manufacturing Co., Inc. v. Wetzler*, 110 N.J. Super. 565 (Ch. Div. 1970)..................... 17-18

*Amercoat Corp. v. Reagent Chem. & Rsch., Inc.*, 108 N.J. Super. 331 (App. Div. 1970) ..................................................................................................... 18

*Avdel Corp. v. Mecure*, 58 N.J. 264 (1971) ........................................................................... 5

*Berger v. Paterson Veterans Taxi Serv.,* 244 N.J.Super. 200 (App. Div. 1990)............................ 17

*Driscoll v. Burlington-Bristol Bridge Co*., 8 N.J. 433, 493 (1952), *cert. denied* 344 U.S. 838 (1952) ........................................................................... 17

*Eckman v. Grear,* 14 N.J. Misc. 807 (C.P. 1936) ................................................................... 18

*Kurilla v. Roth*, 132 N.J.L. 213 (Sup. Ct. 1944) ..................................................................... 18

*Modan v. Modan*, 327 N.J. Super. 44 (App. Div. 2000)........................................................... 19

*O'Connor v. Altus*, 67 N.J. 106 (1975)..................................................................................... 19

*Sablic v. Croatia Line*, 315 N.J. Super. 499 (App. Div. 1998) .................................................. 19

*Sobel v Long Is. Entertainment Productions, Inc.*, 329 NJ Super 285 (App Div 2000)........................................................................................... 17, 19

**Delaware Cases**

*Am. Legacy Found. v. Lorillard Tobacco Co.*, 831 A.2d 335 (Del. Ch. 2003) ............................ 16

*Grunstein v. Silva*, No. CIV.A. 3932-VCN (Del. Ch. Dec. 8, 2009)........................................... 16

*Stringer v. Elec. Supply Co*., 2 A.2d 78 (Del. Ch. 1938). .......................................................... 16

**Federal Statutes**

28 U.S.C. 1450........................................................................................................ 1, 23, 26

Fed. R. Civ. P. 4(k) ...................................................................................................................... 5

Fed. R. Civ. P. 4(k)(1)(A).............................................................................................................. 5

Fed. R. Civ. P. 8.......................................................................................................................... 14

Fed. R. Civ. P. 12(b)(2) .................... 1, 4

Fed. R. Civ. P. 12(b)(5) .................... 1, 17

Fed. R. Civ. P. 12(b)(6) .................... 1, 12

Fed. R. Civ. P. 55(c) .................... 1, 22-23, 25-26

**New Jersey Statutes**

N.J.S.A. 42:2C-18(d) .................... 16

N.J.S.A. 56:8-166.1(a) .................... 14, 15

N.J.S.A. 56:8-166.1(d) .................... 14, 15

**Delaware Statute**

6 Del. C. § 18-201(b) .................... 16

**New Jersey Court Rules**

NJ Ct. R. 4:4-4(b)(1) .................... 18, 19, 22

NJ Ct. R. 4:4-4(b)(1)(C) .................... 17-21

N.J. Ct. R. 4:4-5(a) .................... 20, 22

N.J. Ct. R. 4:4-5(b) .................... 17-20, 22

NJ Ct. R. 4:4-7 .................... 19, 20

**International Treaty**

Hague Convention, Article 10(a) .................... 1, 21

**Preliminary Statement**

Defendants Deleteme USA, LLC (a Delaware limited liability company whose sole member is a citizen and resident of Cyprus), Deleteme Europe Ltd (a Cypriot private limited company), and Criton Tornaritis (a Cypriot individual) move to dismiss the Complaint, removed from New Jersey Superior Court, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), and 12(b)(5). Likewise, as despite improper service, and knowing that the Defendants were located in Cyprus, the Plaintiff's aggressively sought to have the Clerk in the State Court enter a default on the docket. Accordingly, this motion also seeks an order, pursuant to Fed. R. Civ. P. 55(c) and 28 U.S.C. 1450, setting aside the State Court Clerk's entry of default.

While this motion does not attack the Daniel's Law statute generally, it does urge that the law should not and does not apply to the Defendants, who are not subject to personal jurisdiction in New Jersey, and are not engaged as "data brokers." Plaintiffs' allegations do not establish personal jurisdiction in New Jersey over the Cypriot company, the Cypriot individual, or the Delaware LLC that is a Cypriot citizen. Nor do Plaintiffs plausibly plead a violation of Daniel's Law because they fail to allege facts showing that these Defendants possessed and disclosed protected information after receiving proper notice, or that any such continued disclosure was negligent within the meaning of Daniel's Law and the federal pleading standards.

Likewise, the Plaintiffs claim to have immediately engaged in efforts at international postal delivery of their pleading and an un-filed summons on Cypriot parties without compliance with state service rules, which is a prerequisite to application of Article 10(a) of the Hague Convention.

Finally, Deleteme USA LLC was not formed until September 10, 2025 and therefore cannot be liable for conduct alleged in the complaint to have occurred months before.

**Pertinent Procedural Background**

Plaintiffs sued in New Jersey Superior Court in and for Essex County. Exs. A(A); B. On August 25, 2026, the Defendants filed a Notice of Removal to the District of New Jersey. Ex. A. Plaintiffs' allegations do not establish either general or specific jurisdiction over the Cypriot corporate and individual defendants, nor over the Delaware LLC whose sole member is a citizen and resident of Cyprus, which has no New Jersey presence and does not reach into New Jersey to secure business.

**Facts and Proceedings**

The Complaint purports to assert claims under New Jersey's "Daniel's Law." The Complaint names Deleteme USA, LLC, Deleteme Europe Ltd, and Criton Tornaritis as defendants and alleges violations tied to alleged online disclosures of information about largely unidentified New Jersey residents who are alleged to be current and former jurists and law enforcement personnel. Exs. A(A); B.

The complaint correctly reports that Deleteme Europe Ltd is a private limited company organized in and maintaining its operations in Cyprus. Criton Tornaritis is also correctly alleged to be Cypriot. While the complaint correctly alleges that Deleteme USA, LLC is a Delaware limited liability company, it neglects to identify its citizenship as Cypriot, given that its sole member, Mr. Tornaritis, is, as Plaintiffs concede, a resident and citizen of Cyprus. Moreover, the complaint disregards the fact that Deleteme USA was not formed until September 10, 2025 (Ex. C), well after the alleged transactions with Deleteme Europe in July 2025 that the Plaintiff relies

on. Exs. A(A); B (Comp.) ¶¶ 93-94. Moreover, the terms of use that Plaintiffs and their investigators interacting with any Defendant system provided that their agreement "shall be governed by and construed under the laws of Cyprus."[1]

Plaintiffs allege that Defendants operate the deleteme.com and cyberdeleteme.com websites, which can be accessed from New Jersey and that they "transact business" within New Jersey. However, the Plaintiffs' claims are rooted in a false premise: that the Defendants are "data brokers," maintaining data about them they they failed to remove from online disclosures. That is simply wrong. Rather, when retained, "deleteme" performs bespoke internet based investigations to determine what information about the subject of the investigation is available online (both via standard web searches and on the "dark web"). If information is identified, including of the type that Daniel's Law is designed to protect, the client is advised via "leak report" and can then further engage the Defendants to try to have the sources of the data remove it. In no instance does deleteme or cyberdeleteme actually maintain the personally identifying data for disclosure, nor does it make the information publicly available. Additionally, cyberdeleteme performs similar services, but on a repeat basis for clients who engage it for multiple searches.

The Plaintiffs contend that Plaintiff Atlas Data Privacy, a Delaware corporation formed to take monetary advantage of Daniel's Law by ostensibly making bulk complaints to websites demanding nondisclosure, sent email nondisclosure requests to Defendants and that Defendants continued to make certain personal information available online. This is false as, again, the Defendants do not make the sorts of data sets that the Plaintiff complains of publicly available.

---

1*See* deleteme terms and conditions, July 19, 2025 archive, *available at* https://web.archive.org/web/20250719131738/https://www.deleteme.com/terms-and-conditions/, *last accessed* Aug. 26, 2026; deleteme terms and conditions, Aug. 12, 2025 archive, *available at* https://web.archive.org/web/20250812184435/https://www.deleteme.com/terms-and-conditions/, *last accessed* Aug. 26, 2026.

Moreover, Atlas' business model is believed to be technologically flawed. By engaging in mass submissions to the email addresses of businesses with whom Atlas does not have an ongoing business relationship, and not targeting submissions to recipient email addresses designed for reports, it is hardly surprising that much of the Plaintiffs mass emails are either sent to "Spam" email boxes for security purposes, or not received.

The Plaintiffs further allege, without any support and in boilerplate conclusory fashion, that Defendants "purposefully directed" activities at New Jersey and generated "material revenue" from New Jersey customers in 2024–2026, without identifying contracts, offices, employees, bank accounts, registered business operations, or agents in New Jersey. No forum-selection clause, no New Jersey choice-of-law clause, and no New Jersey office or physical presence are alleged. For Deleteme USA, LLC, Plaintiffs allege only Delaware formation and generalized website availability; they also allege its ownership is ultimately tied to Mr. Tornaritis in Cyprus.

## Argument

## Point I

## Rule 12(b)(2): The Court Does Not Have Personal Jurisdiction Over the Defendants

In accordance with Rule 12(b)(2), "[o]nce challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v Sandy Lane Hotel Co., Ltd*., 496 F.3d 312, 316 (3d Cir 2007), *citing General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir.2001). Indeed, when, as here, a challenge is made to personal jurisdiction, "[i]nitially, a court 'take[s] the allegations of the complaint as true.' However, once a defendant raises a jurisdictional defense, 'a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction

is proper.'" *MaxLite, Inc. v ATG Elecs., Inc.*, 193 F Supp 3d 371, 382 (D.N.J. 2016), *quoting Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir.1996) and *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir.1984). *See also Gonzalez v BAM Trading Services, Inc*., 2026 WL 765378, at *3 (DNJ Mar. 18, 2026), *quoting Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992) (*quoting Dayhoff Inc. supra*).

"'[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction . . . Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.'" *In re Fragrance Direct Purchaser Antitrust Litig*., 2025 WL 572827, at *2 (DNJ Feb. 21, 2025), *quoting Patterson v. Fed. Bur. Investig*., 893 F.2d 595, 603-04 (3d Cir. 1990) (omission in original). *See also Miller Yacht Sales, Inc. v Smith*, 384 F.3d 93, 101 n. 6 (3d Cir 2004), *quoting Patterson, supra*; *Time Share Vacation Club, supra*; *Weber v Jolly Hotels*, 977 F Supp 327, 331 (D.N.J. 1997).

In accordance with Fed. R. Civ. P. 4(k), general jurisdiction is assessed according to the law "in the state where the district court is located." *Id*. at 4(k)(1)(A). New Jersey's long-arm statute permits courts to exercise jurisdiction to the fullest extent under the Due Process Clause. *Amberson Holdings LLC v Westside Story Newspaper*, 110 F Supp 2d 332, 334 (D.N.J. 2000), *citing Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971); N.J. Ct. R. 4:4–4. "The reason federal courts are limited by the Fourteenth Amendment in such cases is not because a federal court exercising broader personal jurisdiction would violate the Constitution, but because Rule 4(k)(1)(A) does not authorize jurisdiction broader than what would be permissible for a state." *Fischer v Fed. Express Corp.*, 42 F.4th 366, 383 (3d Cir 2022).

The inquiry collapses into federal due process: specific jurisdiction requires purposeful availment, claims arising out of or relating to those contacts, and that jurisdiction comports with fair play and substantial justice. *See Helicopteros Nacionales de Colombia, S.A. v Hall,* 466 U.S. 408, 414 (1984), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), *quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940). General jurisdiction requires that the defendant be "at home" in the forum. "For an individual, the 'paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'" *HV Assoc., LLC v PNC Bank, N.A.*, 2019 WL 13410696, at *3 (DNJ Apr. 18, 2019), *quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). *See also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For specific jurisdiction, Plaintiffs must show that each defendant purposefully directed activities at the forum, that the claims arise out of or relate to those contacts, and that jurisdiction comports with fair play and substantial justice. *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358–59 (2021); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–76 (1985); *O'Connor,* 496 F.3d at 317.

Mr. Tornaritis and Deleteme Europe are Cypriot. Deleteme USA is a single Cypriot-member Delaware LLCs. All defendants are therefore foreign to New Jersey. General jurisdiction as to a foreign entity may only be rendered "when 'their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.'" *HV Assoc., LLC, supra, quoting Goodyear*, 564 U.S. at 919. "Critical to the motion at bar, this inquiry 'is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is whether that corporation's affiliations with the State are so

"continuous and systematic" as to render it **essentially at home** in the forum State.'" *Id.*, *quoting Daimler AG*, 571 U.S. at 139 (emphasis in original).

The Supreme Court has made clear that the circumstances permitting the exercise of general jurisdiction over foreign entities are narrow and that "exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Daimler AG, supra, quoting Burger King*, 471 U.S. at 472 (internal quotation marks omitted in original). *See also Etrailer Corp. v Unbeatablesale.com, Inc.*, 2024 WL 1016200, at *6 (DNJ Mar. 8, 2024), *quoting Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) ("this avenue for establishing personal jurisdiction is undoubtedly narrow. '[I]t is incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business'") (brackets in original) (citation omitted in original).

Plaintiffs' assertions that Defendants knew New Jersey residents were affected are conclusory and derive only from the fact that some individuals submitting takedown requests were allegedly in New Jersey. Plaintiffs plead "purposeful direction" by asserting Defendants disclosed New Jersey residents' information and "knew" effects would be felt in New Jersey, but identify no forum-focused operational decisions or in-forum acts by any Defendant. Indeed, Internet Protocol addresses reveal that the Plaintiffs actually engaged private investigators to interact with Deleteme Europe's systems, and that those interactions were directed from Florida and Arizona, not New Jersey.

Plaintiffs rely on Defendants' websites, accessible based on how the internet works, and generalized assertions that Defendants "transact business" in New Jersey and "generated material revenue" from New Jersey residents, without identifying forum-targeted conduct, in-forum offices, employees, agents, advertising uniquely directed to New Jersey, or contracts specifically with New Jersey residents. The Complaint alleges that Defendants operate deleteme.com and cyberdeleteme.com and that New Jersey residents could access these sites; it does not allege New Jersey-specific solicitation, operations, or tailored marketing.

Website accessibility, without deliberate forum targeting, does not establish purposeful availment. For internet contacts, the Third Circuit applies the sliding scale established in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D.Pa.1997) and requires "something more" than a commercially interactive website: the defendant must target the forum or knowingly transact with forum residents. *Toys "R" Us, Inc. v. Step Two, S.A*., 318 F.3d 446, 452–55 (3d Cir. 2003). A globally accessible website, without forum targeting or knowing commercial dealings with forum residents, is insufficient. *Id*. at 454–55. Indeed, "'[t]he operation of a commercially interactive web site accessible in the forum state is sufficient to support specific personal jurisdiction' only 'if a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site.'" *Subaru of Am., Inc. v Cheshire Foreign Auto Serv., Inc.*, 2024 WL 2319337, at *2 (DNJ May 22, 2024), *quoting Toys "R" Us, supra* at 452 (*citing Zippo Mfg. Co., supra*). None of that targeting is present here.

This is not a circumstance where Defendants "purposefully availed itself of the [New Jersey] market." *Hasson v FullStory, Inc.*, 114 F.4th 181, 193 (3d Cir 2024). Defendants maintain no "brick-and-mortar locations" in New Jersey and likewise do not "regularly market[ ] and advertise[ ] [their] [ ]services within [New Jersey]." *Ibid*. (internal quotation marks omitted). Moreover, unlike in *Hasson*, the Defendants do not "regularly 'conducts business with [New Jersey] residents' to sell [services] 'via [their] [web]site[s].'" *Ibid., quoting Toys "R" Us*, 318 F.3d at 452.

Attempts to secure personal jurisdiction based on internet advertising, passive sites, or minimal email exchanges, are regularly rejected. *Weber,* 977 F. Supp. at 333–35; *Amberson Holdings,* 110 F. Supp. 2d at 336–39; *Machulsky v. Hall*, 210 F. Supp. 2d 531, 541–44 (D.N.J. 2002). The Third Circuit likewise holds that broadcasts or postings merely accessible in New Jersey do not establish purposeful availment. *Fatouros v. Lambrakis*, 627 F. App'x 84, 87–88 (3d Cir. 2015). "Here, the Court has no personal jurisdiction over Defendants because they lack sufficient contacts with New Jersey. . . '[A] passive Web site that does little more than make information available to those who are interested in it is not grounds for ... personal jurisdiction.'" *Hankins v Doubletree Mgt., LLC*, 2022 WL 3013089, at *3 (DNJ July 29, 2022), *quoting Zippo Mfg. Co.. supra* at 1124. Indeed, "the Third Circuit 'has held that "telephone communications or mail sent by a defendant [do] not trigger personal jurisdiction if they 'do not show purposeful availment.'"'" *Demetro v N.A. of Bunco Investigations*, 2017 WL 3923290, at *8 (DNJ Sept. 7, 2017), *quoting Machulsky*, 210 F. Supp.2d at 539 (*quoting Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 729 (E.D.Pa. 1999)) (*quoting Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros*., 983 F.2d 551, 556 (3d Cir. 1993))).

As to the Delaware LLC, purposeful availment cannot be premised on its Delaware formation or its member's foreign citizenship. The Complaint alleges Deleteme USA, LLC is a Delaware entity with a registered agent in Delaware and offers no New Jersey-specific conduct. Formation in Delaware and an out-of-state member do not create New Jersey contacts. As to the Cypriot company and the Cypriot individual, foreign status and extraterritorial operations, absent forum-directed actions, defeat purposeful availment. Deleteme Europe Ltd is organized and based in Cyprus, and Mr. Tornaritis is a Cypriot citizen resident in Cyprus. The Plaintiffs do not allege either maintains offices, property, employees, or bank accounts in New Jersey. Defendants are not "at home" in New Jersey. *MaxLite, Inc.,* 193 F. Supp. 3d at 382–88; *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173–75 (D.N.J. 2016).

A. Relatedness

"Specific jurisdiction exists when the 'plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.'" *Hasson,* 114 F.4th at 186, *quoting Pinker v. Roche Holdings Ltd*., 292 F.3d 361, 368 (3d Cir. 2002) (citation omitted in original). Plaintiffs' claims arise from alleged actions made outside New Jersey and universally accessible web content, not from any New Jersey-specific activities. The "mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us*, 318 F.3d at 454. *See also Decker v Circus Circus Hotel*, 49 F Supp 2d 743, 749-50 (D.N.J. 1999). The pleaded injury flows from the alleged ongoing availability of data across Defendants' websites and back-

end data handling; Plaintiffs do not identify any New Jersey-based contract, server, meeting, or transaction by any Defendant giving rise to their claims. *Hasson*, 114 F.4th at 195-96.

B. Fair Play and Substantial Justice

Even if some generalized web interactions existed, Plaintiffs must show the claims "arise out of or relate to" New Jersey-directed contacts. *Ford Motor*, 592 U.S. at 359–66; *O'Connor*, 496 F.3d at 323–24. The record lacks defendant-specific facts tying any purposeful New Jersey conduct to the asserted Daniel's Law violations. Exercising jurisdiction over Cypriot defendants and a Delaware LLC, all with no forum operations, would offend fair play and substantial justice. *See Burger King*, 471 U.S. at 476–78. Indeed the exercise of jurisdiction in such circumstances would be unreasonable given the burden on foreign parties and the lack of forum-centric conduct. The Complaint contains no allegation of any New Jersey office, employees, or property of any Defendant, and no allegation of a forum-selection clause. The balance of *Burger King* factors disfavor jurisdiction. *Id*..

Despite the multitude of litigation pursued by Plaintiff Atlas, no available determinations have been found that are truly on point. However, in *Atlas Data Privacy Corp. v Quantarium All., LLC*, 2026 WL 765716, at *4 (DNJ Mar. 18, 2026), the District Court considered numerous defendants' motions to dismiss collectively. Of those motions, one defendant, True Software Scandinavia AB, successfully secured dismissal for lack of personal jurisdiction. Like the Defendants here, True Software did not make its own stored data available to people in New Jersey. *Id*.. However, the lack of jurisdiction is clearer with respect to the Defendants here, as the Defendants' various business models do not involve the maintenance or sharing of personal data.

C. General Jurisdiction Is Absent

Under *Daimler* and *Goodyear*, a corporation is generally "at home" in its place of incorporation and principal place of business; an individual is at home in his domicile. Deleteme Europe Ltd is a Cypriot company with a Cypriot office; Mr. Tornaritis is alleged to be a Cypriot resident; Deleteme USA, LLC is a Delaware LLC. None is alleged to be incorporated, domiciled, or headquartered in New Jersey. General jurisdiction therefore fails

Contacts must be the defendants' own, not those of others; agency, alter-ego, or conspiracy theories require well-pleaded facts tying forum contacts to the foreign defendant. Plaintiffs' allegations that Mr. Tornaritis "controls" brand marks and "markets" broadly via social media do not plead New Jersey-directed conduct or veil-piercing elements. Plaintiffs allege Tornaritis owns "deleteme" marks, posts on social media about Defendants' websites, and uses a Cyprus mobile device; they do not allege New Jersey offices, agents, or property for him, Deleteme USA or Deleteme Europe in New Jersey. *See e.g. Ontel Products Corp. v Mindscope Products*, 220 F Supp 3d 555, 559-63 (D.N.J. 2016); *Ameripay, LLC v Ameripay Payroll, Ltd*., 334 F Supp 2d 629, 633-35 (D.N.J. 2004).

**Point II**

**Rule 12(b)(6): Plaintiffs' Complaint Fails to State a Cause of Action**

A. Pleading Standards and Elements

It is well settled that "[i]n order to proceed to discovery, a plaintiff must 'state a claim to relief that is plausible on its face.'" *Hikma Pharm. USA Inc. v Amarin Pharma, Inc.*, --- U.S. ---, 146 S Ct 1391, 1399 (2026), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Importantly, "[t]hat plausibility standard 'asks for more than a sheer possibility that a defendant

has acted unlawfully.' If the complaint 'pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.' *Ibid., quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted in original). Accordingly, in order "to nudge a claim 'across the line from conceivable to plausible,' a plaintiff must plead facts that, if true, 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' ((*id., quoting Iqba*l at 678, 680) (internal quotation marks omitted in original)), and to rule out 'obvious alternative explanation[s]' for the defendant's conduct.'" *Id., quoting Twombly*, 550 U.S. at 567.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "And as to the needed components of a claim, it is not enough --- even at the motion to dismiss stage --- to dress up a legal requirement [ ] as a factual assertion. More is needed. A bare restatement of a legal element does not clear the bar, even if it is presented as a fact." *Badalamenti v Resideo Tech., Inc.*, 807 F Supp 3d 414, 419 n. 10 (D.N.J. 2025). "A claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief." *Beasley v Howard*, 14 F4th 226, 231 (3d Cir 2021), *quoting Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020) (*quoting City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878-79 (3d Cir. 2018)).

Accordingly, in making its assessment, "[t]he Court, however, may ignore legal conclusions or factually unsupported accusations that merely state that the defendant unlawfully harmed the plaintiff." *Shulman v Weston*, 816 F Supp 3d 495, 506 (D.N.J. 2025), *citing Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). Moreover, "the court should identify and

disregard those allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Grink v Virtua Health, Inc*., 812 F Supp 3d 434, 445 (D.N.J. 2025), *quoting Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (*quoting Iqbal*, 556 U.S. at 679).

Daniel's Law applies to "a person, business, or association," and defines "disclose" broadly, but liability requires that the defendant actually disclosed or made available the covered information after notice. N.J.S.A. 56:8-166.1(a), (d). The court has further held that the New Jersey Supreme Court would apply a negligence standard to liability under the statute for damages. *Atlas Data Priv. Corp. v. We Inform, LLC*, 758 F. Supp. 3d 322, 340–41 (D.N.J. 2024). Accordingly, in this Daniel's Law matter, the Plaintiffs must plausibly allege that: (1) plaintiff is a covered person or assignee; (2) a proper written notice was sent identifying the sender as an authorized person; (3) defendant received the notice; (4) defendant continued to disclose or make available protected information beyond ten business days; (5) defendant acted negligently in failing to comply; and (6) damages. *Atlas Data Priv. Corp. v. We Inform, LLC*, 2025 WL 1787566, at *6–8 (DNJ June 27, 2025).

Where, as here, the Defendants do not disclose or make protected information available, they are not proper subjects of a Daniel's Law claim. The Plaintiffs' threadbare recitals that Defendants "disclose or re-disclose" protected information, without factual detail tying any covered person's address or unpublished number to any Defendant after notice, fail. *See* Fed. R. Civ. P. 8; *Iqbal, 556 U.S.* at 678–79; *Twombly*, 550 U.S. at 555–57. The Complaint relies on generalized descriptions of websites and marketing, not concrete, defendant-specific facts showing statutory violations post-notice. That is precisely the sort of conclusory pleading that warrants dismissal.

B. Plaintiffs Fail to Plausibly Plead Possession/Disclosure by The Defendants

The Daniel's Law provisions are triggered *only* if a defendant *discloses or makes available* a covered person's home address or unpublished home telephone number *after* receiving proper notice. N.J.S.A. 56:8-166.1(a), (d). Allegations that defendants are "internet-based" or "engage in disclosure" in the abstract do not satisfy the plausibility requirements firmly established in *Iqbal* and *Twombly.* Indeed, past complaints interposed by Plaintiffs in their lawsuit enterprise have successfully avoided dismissal because covered persons sent proper notices demanding takedown of protected information that those defendants were actually disclosing at the time, and that defendants continued disclosure beyond the deadline. *Atlas,* 2025 WL 1787566, at *7–8.

Here, Plaintiffs do not plausibly connect any particular covered person's protected information to these specific Defendants after notice, nor do they plead factual matter showing continued availability of such information beyond ten business days for any identified covered person attributable to each Defendant. That the Defendants do not maintain such information is fatal to the claims on the facts and the law.

C. Plaintiffs Do Not Plausibly Plead Negligence

Even if, arguendo, possession/disclosure were adequately alleged, Plaintiffs must plausibly allege negligent noncompliance—*i.e.*, that each Defendant unreasonably failed to cease disclosure after the statutory period. *Atlas*, 758 F. Supp. 3d at 341. Conclusory assertions of "negligent, willful, or reckless" conduct are insufficient to set forth factual content supporting the negligence element. *Iqbal*, 556 U.S. at 678–79. The Complaint contains no non-conclusory facts showing how any Defendant received proper notice for a specific covered person, what steps

were or were not taken in response, or how any continued posting was attributable to that Defendant's unreasonable conduct rather than third-party sources.

D. Deleteme USA Had Not Yet Been Formed When Plaintiff's Allegedly Acted

The Plaintiffs broadly urge interactions with the Defendants, without specifying which Defendant or any specific conduct, and then baldly alleged that all of the Defendants are somehow liable to them. However, the Plaintiffs plead that their interactions were in July 2025 (Exs. A(A); B (Compl.) ¶¶ 93-94), yet Deleteme USA was not formed until September 10, 2025. Ex. C. A limited liability company generally cannot be held liable for actions taken before it was formed, because it does not exist as a legal entity until its certificate of formation is filed. *See* 6 Del. C. § 18-201(b) ("[a] limited liability company is formed at the time of the filing of the initial certificate of formation in the office of the Secretary of State. . ." ; N.J.S.A. 42:2C-18(d) ("[a] limited liability company is formed when the filing office has filed the certificate of formation and the company has at least one member. . ."); *Grunstein v. Silva*, No. CIV.A. 3932-VCN (Del. Ch. Dec. 8, 2009), *citing Am. Legacy Found. v. Lorillard Tobacco Co.*, 831 A.2d 335, 350 (Del. Ch. 2003); *Spering v. Sullivan*, 361 F. Supp. 282, 286 (D. Del 1973); *Stringer v. Elec. Supply Co.*, 2 A.2d 78, 79 (Del. Ch. 1938).

Here, there has been no wrongful conduct by any of the Defendants. Moreover, Deleteme USA has certainly not adopted or ratified any conduct by any other Defendant. *See Am. Legacy Found., supra; Grunstein, supra.*

**Point III**

**Rule 12(b)(5): Service of Process Was Not Made**

Service of process was ineffective and accordingly dismissal is also warranted pursuant to Fed. R. Civ. P. 12(b)(5). Here, putative service of a complaint with a non-filed summons was solely made by mail to the Cypriot defendants. While New Jersey law permits service of process on defendants located in a foreign country by mail, this is only under specific circumstances and subject to limitations. NJ Ct. R. 4:4-4(b)(1)(C). That Rule permits substituted service by registered or certified mail, together with simultaneous ordinary mail, on defendants who cannot be personally served within the state, only after diligent efforts are made to serve in person, and *after* those efforts are detailed in an affidavit of inquiry. Such service can be made "only if the plaintiff shows that personal service was not possible 'despite diligent effort and inquiry.' This showing must be made by affidavit 'fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.'" *Glob. Trademarks, Inc. v Zhao*, 2026 WL 1893998, at *3 (DNJ July 1, 2026), *quoting* N.J. Ct. R. 4:4-4(b)(1)(c), 4:4-5(b).

The controlling service of process rules "'go to the jurisdiction of the court and must be strictly complied with. Any defects ... are fatal and leave the court without jurisdiction and its judgment void.'" *Sobel v Long Is. Entertainment Productions, Inc.*, 329 NJ Super 285 (App Div 2000), *quoting Driscoll v. Burlington-Bristol Bridge Co*., 8 N.J. 433, 493 (1952), *cert. denied* 344 U.S. 838 (1952) (omission in original). *See also Berger v. Paterson Veterans Taxi Serv.*, 244 N.J.Super. 200, 205 (App. Div. 1990). Moreover, "[s]ubstituted or constructive service is in derogation of the general common law requirement that there be personal service" *A & S*

*Manufacturing Co., Inc. v. Wetzler*, 110 N.J. Super. 565, 567 (Ch. Div. 1970), *citing Kurilla v. Roth*, 132 N.J.L. 213, 216 (Sup. Ct. 1944); *Eckman v. Grear*, 14 N.J. Misc. 807, 809 (C.P. 1936). Accordingly, "[s]tatutes or rules of court providing for such service must be strictly construed and fully carried out in order to confer jurisdiction." *Id.. citing Kurilla, supra*. Here, given the multitude of violations of the Rules, service was never made.

Critically, such mailed service must be consistent with due process of law. This requires that any defendant so served must have sufficient minimum contacts with New Jersey to justify the exercise of personal jurisdiction. *Amercoat Corp. v. Reagent Chem. & Rsch., Inc.*, 108 N.J. Super. 331, 261 A.2d 380 (App. Div. 1970). Furthermore, any mailing must have been sent by registered or certified mail, return receipt requested, simultaneously with ordinary mail, addressed to the defendant, when an individual, at "their usual dwelling house or usual place of abode" and a corporation, partnership or unincorporated association at a registered agent for service, principal place of business, or registered office. N.J. Ct. R. 4:4-4(b)(1)(C); *Glob. Trademarks, supra.*

"*Before* obtaining personal jurisdiction by substituted or constructive service, the plaintiff must file an Affidavit of Inquiry explaining 'that despite diligent effort and inquiry personal service cannot be made in accordance' with Rule 4:4-4(a)." *Leavitt v Sky Warrior Bahamas Ltd.*, 2024 WL 4275052, at *6 (DNJ Sept. 24, 2024), *quoting* N.J. Ct. R. 4:4-4(b)(1) (emphasis added). "That Affidavit must 'fully specify[ ] the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.'" *Id., quoting* N.J. Ct. R. 4:4-5(b).

Here, the Plaintiffs failed to file an affidavit of inquiry *before* resorting to mail service. Instead, they waited until well after ostensibly mailing documents despite the affidavit being a mandatory precondition to mail service under NJ Ct. R. 4:4-4(b)(1)(C). *Travelodge Hotels, Inc. v. Vijay Invs., LLC*, 2007 WL 4557641 (DNJ Dec. 21, 2007). *See also* NJ Ct. R. 4:4-5(b) (detailing requirements for affidavit of inquiry).

Under the governing rules, the plaintiffs may not resort to mail service on defendants located in Cyprus without first making a diligent effort and inquiry to accomplish personal service and swearing to same. "'An affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Glob. Trademarks, supra, quoting Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000). "The diligence exercised and the alternative service requested must meet the constitutional requirements of due process provided that 'notice [be] reasonably calculated.. to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id., quoting O'Connor v. Altus*, 67 N.J. 106, 126-27 (1975) (*quoting Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Mail service is a substitute method of last resort, not a first option. The affidavit of inquiry must be filed *before* mailing and must be filed *with proof of service* under NJ Ct. R. 4:4-7. *Travelodge Hotels, Inc., supra*. Indeed, "a prerequisite for serving a defendant outside the State is an 'affidavit satisfying the requirements of R. 4:4–5(c)(2) that despite diligent effort and inquiry personal service' cannot be effected within the State." *Sobel v Long Is. Entertainment Productions, Inc.*, 329 NJ Super 285, 291 (App Div 2000), *quoting* NJ Ct. R. 4:4–4(b)(1). Moreover, defects in the inquiry affidavit are fatal to any putative service by mail. *Sablic v. Croatia Line*, 315 N.J. Super. 499, 719 A.2d 172 (App. Div. 1998).

Accordingly, the substituted service mechanism under NJ Ct. R. 4:4-4(b)(1)(C) is expressly conditioned on the prior existence of an affidavit satisfying the requirements of NJ Ct. R. 4:4-5(b). Indeed, in accordance with the Rule, in personam jurisdiction may be obtained by mail service *only* if it appears by affidavit that despite diligent effort and inquiry personal service cannot be made in accordance with NJ Ct. R. 4:4-4(a). This language makes the affidavit a condition precedent — it must exist before service is attempted.

The Rule further requires mailing by registered or certified mail, return receipt requested, simultaneously with ordinary mail; service by private courier, including UPS or FedEx does not satisfy this literal requirement under New Jersey state court rules. The reference to "registered or certified mail" is plainly a reference to United States Postal Service options. Registered mail and certified mail are specific USPS products that provide tracking, chain-of-custody documentation, and return receipt confirmation. A private courier, even one that offers tracking and signature confirmation, is not the same as USPS registered or certified mail and does not satisfy the rule's requirements. Indeed, the plain language of the Rules forecloses any alternative interpretation.

Furthermore, "[w]here service is made by registered or certified mail and simultaneously by regular mail, the return receipt card, or the printout of the electronic confirmation of delivery, which shall include an image of the recipient's signature, provided by the U.S. Postal Service, or the unclaimed registered or certified mail shall be filed as part of the proof." N.J. Ct. R. 4:4-7. This provision confirms that the rule's mail service mechanism is built around USPS infrastructure, not private carriers. Importantly, no such confirmation was filed.

Moreover, with respect to Defendant Criton Tornaritis, a Cypriot individual, the putative service by mail was also defective as it was directed, by UPS, to a business address and not to his "dwelling house or usual place of abode" as mandated by NJ Ct. R. 4:4–4(b)(1)(C). Indeed, while the decision is unpublished, the New Jersey Appellate Division has plainly held that "[n]othing in the Rules of Court permits out-of-state mail service upon an individual at a commercial establishment. This attempt at service violated [Defendant']s entitlement to due process and the [resulting] judgment was void at the moment it was entered." *Dawson v Wright*, 2007 WL 3376226, at *6 (App Div Nov. 15, 2007).

Cyprus is a signatory to the Hague Convention and has not objected to Article 10(a). Accordingly, mail service ("by postal channels") is not prohibited by the Hague Convention. However, the Hague Convention does not affirmatively authorize mail service on its own. Despite Article 10(a) of the Hague Convention permitting service by mail in non-objecting nations, such service is only valid if it also satisfies the law of the issuing state, here New Jersey. *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017). Thus, the Plaintiffs were still required to comply with *all* applicable New Jersey rules governing service of process. This they did not do.

The plain language of the governing rule provides that when resorting to mail service, the papers served must be sent via "registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." NJ Ct. R. 4:4-4(b)(1)(C). Here, by way of the attachments to the putative affidavits of service, the Plaintiffs concede that they did not use "registered or certified mail" and instead apparently shipped via private courier UPS – and entity not designated in the Rule. Ex. A(A).

"'Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Furando v Komie*, 2026 WL 1005054, at *3 (DNJ Apr. 14, 2026), *quoting Argonaut-Midwest Ins. Co. v. Colt Logistics Inc*., 2018 WL 6716104, at *2 (DNJ Dec. 20, 2018); and *citing* N.J. Ct. R. 4:4-5(a); 4:4-4(b)(1); 4:4-5(b). Here, prior to resorting to putative international service by mail, the Plaintiffs did not address any diligence whatsoever and "failed to file an affidavit satisfying any such diligent effort or inquiry" in advance of such service. "Accordingly, [Plaintiffs] ha[ve]s failed to properly serve [Defendants]." *Cruz v City of Newark*, 2026 WL 1067786, at *5 (DNJ Apr. 20, 2026).

**Point IV**

**The Putative "Default" Should Be Vacated**

Despite the defects in what the Plaintiffs contend was service of process, the same Plaintiffs aggressively sought to have the Clerk in the New Jersey Superior Court enter defaults against the Defendants at approximately the same time as removal was being sought. As the most recent State Court docket shows, the Clerk entered defaults, based on information provided by Plaintiffs, which is heavily disputed and a subject of this motion, against Deleteme Europe Ltd. and Criton Tornaritis on or about August 24, 2026. Thereafter, on August 25, 2026, the Plaintiffs requested entry of a default against Deleteme USA LLC, which was not acted on before the Notice of Removal was filed.

The Defendants therefore respectfully move, pursuant to Fed. R. Civ. P. 55(c), to set aside the State Court clerk's entry of default. Good cause exists to vacate the default because the default was entered in state court prior to removal, service on two Cyprus-based defendants was

improper and is the subject of the concurrently made motion to dismiss, and attempted service on the Delaware limited liability company via its registered agent has not resulted in actual notice to the company. It is settled that "district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Eagle Fruit Traders, LLC v Ultra Fresh, LLC,* 2019 WL 5704503, at *3 (DNJ Nov. 5, 2019), *citing Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867–68 (3d Cir. 1984). "To this end, district courts must resolve all doubts in favor of proceeding on the merits." *Id., citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Here, vacatur serves the strong preference for decisions on the merits and will not prejudice Plaintiffs. Pursuant to Fed. R. Civ. P. 55(c) and 28 U.S.C. 1450, the District Court has authority to set aside a state-court clerk's ministerial notation of default after removal and should do so here.

Fed. R. Civ. P. 55(c) provides that the court may set aside an entry of default for good cause. In the Third Circuit, courts assess good cause by considering, among other things, whether the plaintiff will be prejudiced, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct. *Chamberlain v Giampapa*, 210 F.3d 154, 164 (3d Cir 2000); *Gold Kist, Inc. v Laurinburg Oil Co.*, Inc., 756 F.2d 14, 19 (3d Cir 1985). *See also Kidd v Lourdes Med. Ctr. at Burlington*, 2025 WL 1672371, at *1 (3d Cir June 13, 2025); *Handle v Postmaster Gen., United States Postal Serv.*, 806 Fed Appx 95, 99-100 (3d Cir 2020); *Fedoseev v Tempus Logix*, 2026 WL 2124008, at *2 (DNJ July 23, 2026).

The Plaintiffs cannot show prejudice beyond the need to proceed on the merits. There is no allegation that evidence has been lost, witnesses have become unavailable, or that delay has impaired Plaintiff's ability to prosecute the case. *Nyholm v Pryce*, 259 F.R.D. 101, 105 (D.N.J.

2009); *Kinch v Caulfield*, 2026 WL 884959, at *4 (DNJ Mar. 31, 2026); *US Info. Group LLC v Data Blade LLC*, 2025 WL 3640959, at *6 (DNJ Dec. 16, 2025); *Mycone Dental Supply Co., Inc. v Generic Mfg. Corp*., 2023 WL 3742827, at *3-4 (DNJ May 31, 2023).

"The threshold issue in opening a default judgment is whether a meritorious defense has been asserted." *Hritz v Woma Corp*., 732 F.2d 1178, 1181 (3d Cir 1984). Here, the Defendants have a meritorious threshold defense that service on the Cypriot defendants was improper. As detailed in the Defendants' motion to dismiss, Plaintiff's mailings did not comply with the strictly enforced due process requirements which apply to substituted international service by mail. As a matter of law, "[a] default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside." *Gold Kist, Inc.,* 756 F.2d at 19. *See also Hatchigian v Ford*, 2023 WL 2823893, at *3 (3d Cir Apr. 7, 2023); *Bektas v Isaacson*, 2026 WL 313181, at *1 (DNJ Feb. 5, 2026). The issue at this stage is not whether the Defendants' defenses will ultimately prove successful, but rather solely that the Defendants' "proffered defense is not 'facially unmeritorious.'" *Emcasco Ins. Co. v Sambrick*, 834 F.2d 71, 74 (3d Cir 1987), *quoting Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123 (3d Cir.1983). Here, the Defendants have proffered real defenses, and sought dismissal based on them.

Similarly, while Plaintiffs contend that the Delaware LLC was served by a registered agent, to date it has not received notice of such service from that agent and no papers reached the company. Moreover, as set forth in the above provisions seeking dismissal, the Delaware LLC was not formed until months after the transactions which form the alleged basis for the Plaintiffs' claims. Accordingly, Deleteme USA LLC cannot be liable.

As also set forth in those portions of this memorandum addressing Defendants' motion to dismiss the complaint, there is also a genuine defense as to liability as a whole. The Defendants are not data brokers or engaged in the selling of stored information. Rather, they investigate the presence of data concerning individuals and advise as to what may be available online. If a client then engages the Defendants to do so, they will engage to have the data removed by online data brokers.

The Third Circuit emphasizes that cases should be decided on their merits rather than by procedural default wherever reasonably possible. This policy strongly supports setting aside a clerk's entry of default when, as here, Defendants promptly appear in federal court following removal, identify service defects, and articulate meritorious defenses without prejudicing Plaintiff. Indeed, the Third Circuit "do[es] not favor entry of default judgments (*Pue v New Jersey Tr. Corp*., 2023 WL 2930298, at *2 (3d Cir Apr. 13, 2023), *citing $55,518.05 in U.S. Currency*, 728 F.2d at 194-95) and a district court may set aside a default 'for good cause.'" *Id., quoting* Fed. R. Civ. P. 55(c). *See also Mettle v First Union Nat. Bank,* 279 F. Supp 2d 598, 601 (D.N.J. 2003); *Kinch, supra*; *Panda Americas, Inc. v Future Fund Investments Corp*., 2025 WL 2828346, at *2 (DNJ Oct. 6, 2025).

**Conclusion**

It is respectfully submitted that for the foregoing reasons, the Court should dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2), for failure to state a claim under Rule 12(b)(6), and for improper service of process under Rule 12(b)(5). Additionally, it is respectfully submitted that the Defendants have proffered good cause for the Court to set aside

the New Jersey State Court Clerk's notice of default pursuant to Fed. R. Civ. P. 55(c) and 28 U.S.C. 1450.

Dated: August 27, 2026

Respectfully submitted,

PARDALIS & NOHAVICKA, LLP

/s/ *Anastasi Pardalis*
Anastasi Pardalis (357512021)
Joseph D. Nohavicka (pro hac vice forthcoming)
Israel Klein (pro hac vice forthcoming)
Eleni Melekou (pro hac vice forthcoming)
950 Third Avenue, 31st Floor
New York, NY 10022
(212) 213-8511
taso@pnlawyers.com
jdn@pnlawyers.com
israel@pnlawyers.com
eleni@pnlawyers.com

*Attorneys for Defendants Deleteme USA, LLC, Deleteme Europe Ltd, and Criton Tornaritis*