PEM LAW LLP

**Julia R. Livingston, Esq.**
jlivingston@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct*: +1 973.640.7659

September 11, 2026

**VIA ECF**
Honorable Harvey Bartle III
District of New Jersey (by designation)
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: Atlas Data Privacy Corp., et al. v. DeleteMe USA LLC, et al., Civil Action No. 1:26-cv-10945-HB**

Dear Judge Bartle:

We represent Plaintiffs Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons under Daniel's Law, N.J.S.A. 56:8-166.1 et seq., and Individual Plaintiffs Scott Maloney, Justyna Maloney, and Patrick Colligan (collectively, "Plaintiffs") in the above-referenced action. We write respectfully to request a stay to the briefing schedule on Deleteme USA, LLC, Deleteme Europe Ltd., and Criton Tornaritis' (together, the "Defendants") motion to dismiss (ECF No. 3) (the "Motion"), currently set for the September 21, 2026 motion day, or, alternatively, set a new briefing schedule. While Defendants have agreed to set a revised briefing schedule, Defendants oppose staying the Motion entirely.

Plaintiffs commenced this Daniel's Law enforcement action in the Superior Court of New Jersey, Law Division, Essex County, on June 23, 2026, Docket No. ESX-L-005000-26. On August 25, 2026, Defendants removed the action to this Court, and on August 27, 2026, Defendants moved to dismiss. Under the schedule generated upon filing, Plaintiffs' opposition to the Motion was due September 8, 2026. Due to an internal calendaring error, Plaintiffs inadvertently missed the September 8 deadline to request an automatic clerk's extension pursuant to L. Civ. R. 7.1(d)(5). Upon realizing the error, Plaintiffs promptly filed a letter with the Clerk of Court (ECF No. 5) and contacted Defendants' counsel to discuss an extension to the briefing schedule. This is Plaintiffs' first request for an extension or adjournment relating to the Motion.

A stay of the Motion is warranted for two reasons. *First*, Plaintiffs intend to file a motion to remand pursuant to 28 U.S.C. § 1447(c). The motion to remand will present a threshold issue of whether this case should proceed in federal court at all. Should the Court determine remand is proper, Defendants' Motion would be moot. By resolving the threshold question before merits briefing, the resources of both the parties and the Court would be conserved. *Second*, the consolidated appeal presently pending before the Third Circuit may bear on certain of the

PEM LAW LLP

arguments raised in the Motion. A short deferral avoids briefing that may require supplementation following the Court of Appeals' decision.[1]

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

**PEM LAW LLP**

By: */s/ Julia R. Livingston*
JULIA R. LIVINGSTON, ESQ.

*Attorneys for Plaintiffs*

cc: Anastasi Pardalis, Esq. (via ECF)
All Counsel of Record (via ECF)

[1] Should the Court prefer to hear the Motion and motion to remand simultaneously, the parties can promptly submit a proposed coordinated schedule for both motions for the Court's consideration.