**PARDALIS & NOHAVICKA LLP**
Anastasi Pardalis (357512021)
Eleni Melekou (admitted pro hac vice)
950 Third Avenue, 31st Floor
New York, NY 10022
T.: (212) 213-8511
taso@pnlawyers.com
eleni@pnlawyers.com

*Attorneys for Defendants Deleteme USA, LLC,*
*Deleteme Europe Ltd, and Criton Tornaritis*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------------------x

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,

*Plaintiffs*,

-against-

DELETEME USA, LLC, DELETEME EUROPE LTD, CRITON TORNARITIS, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

*Defendants*.

------------------------------------------------------------------------x

**Case No. 26-cv-10945**

**Motion Day:**
**October 19, 2026**

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

# TABLE OF CONTENTS


Table Of Contents……………………………………………………………………………i

Table Of Authorities …………………………………………………………………....ii

Preliminary Statement……………………………………………..…………………………1

Factual And Procedural Background…………………………………………………………...4

Argument…………………………………………………………………………………5

I. The Thirty-Day Removal Period Begins Only Upon Formal, Legally Effective Service……..5

II. Formal Service Has Not Been Made On The Cypriot Defendants…………………………....7

III. Plaintiffs' Hague Convention Argument Does Not Cure The Defects In Service……………9

IV. Service On Cypriot Defendants Was Independently Defective……………………………..12

V. Plaintiffs' Contentions That They Made A Diligent-Inquiry Does Not Cure The Independent Defects In Their Means And Methods Of Service……………………………………………14

VI. The Later-Served-Defendant Rule Defeats Plaintiffs' Argument That Deleteme USA's Individual Deadline Ended The Removal Right For All Defendants……………………………15

VII. Plaintiffs' Strict-Deadline Authorities Do Not Address The Dispositive Question………..16

VIII. Plaintiffs' Reliance On Actual Notice, The Public Docket, And The State-Court Defaults Are All Legally Irrelevant To The § 1446 Trigger…………………………………………………...17

IX. Plaintiffs' Request For Attorneys' Fees Should Be Denied…………………………………18

Conclusion………………………………………………………………………………….21

# TABLE OF AUTHORITIES

**FEDERAL CASES**


*Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, 2018 WL 6716104 (DNJ Dec. 20, 2018) .......... 12

*Atanacio v. CEMAKS Indus.*, 2025 U.S. Dist. LEXIS 206649 (E.D. Pa. Oct. 21, 2025) .......... 17

*Battle v Walmart Dept. Store*, 2020 WL 7022638 (DNJ Nov. 30, 2020) .......... 21

*Blount v. TD Bank, N.A.*, 2021 WL 2651760 (DNJ. June 28, 2021) .......... 6

*Carroll v. United Air Lines,* 7 F. Supp. 2d 516 (D.N.J. 1998) .......... 17

*Cartridge Actuated Devices, Inc v The Flinchbaugh Co., Inc.*, 2026 WL 2014244 (DNJ July 10, 2026) .......... 6, 16

*Christy v Ayela,* 2026 WL 497196 (DNJ Feb. 23, 2026) .......... 16

*Costa v Verizon New Jersey, Inc.*, 936 F Supp 2d 455 (D.N.J. 2013) .......... 20

*Cruz v City of Newark*, 2026 WL 1067786 (DNJ Apr. 20, 2026) .......... 12

*Dealer Loyalty Protection, Inc. v Red Dirt Motorcycles, LLC*, 2025 WL 4660798 (DNJ Dec. 19, 2025) .......... 6

*Delalla v. Hanover Insurance,* 2009 WL 3379915 (D.N.J. Oct. 16, 2009) .......... 16

*Dellafera v. Mickle,* 2026 WL 482000 (D.N.J. Feb. 20, 2026) .......... 3, 6, 16, 17

*Di Loreto v. Costigan*, 351 F. App'x 747 (3d Cir. 2009) .......... 6

*Enbridge Energy, LP v. Nessel*, 608 U.S. 67 (2026) .......... 16

*EOI Corp. v. Medical Marketing*,
172 F.R.D. 133 (D.N.J. 1997) .......... 13

*Ewalt v. Gatehouse Media Ohio Holdings II Inc.*,
176 F.4th 880 (6th Cir. 2026) .......... 16

*Furando v Komie*,
2026 WL 1005054 (DNJ Apr. 14, 2026) .......... 12

*Galvanek v. AT&T, Inc.,*
2007 WL 3256701(D.N.J. Nov. 5, 2007). .......... 7, 17

*Glob. Trademarks, Inc. v Zhao*,
2026 WL 1893998 (DNJ July 1, 2026) .......... 10

*Granovsky v Pfizer, Inc.*,
631 F Supp 2d 554 (D.N.J. 2009) .......... 19

*Horizon Blue Cross Blue Shield of New Jersey v E. Brunswick Surgery Ctr.*,
623 F Supp 2d 568 (D.N.J. 2009) .......... 19

*Kurilla v. Roth*,
132 N.J.L. 213 (Sup. Ct. 1944) .......... 8

*Leavitt v Sky Warrior Bahamas Ltd.,*
2024 WL 4275052 (DNJ Sept. 24, 2024) .......... 11

*LT Game Intern. Ltd. v DEQ Sys. Corp.*,
2013 WL 5536195 (DNJ Oct. 7, 2013) .......... 15

*Marks Law Offices, LLC v. Mireskandari,*
704 F. App'x 171 (3d Cir. 2017). .......... 9, 11

*Martin v. Franklin Capital Corp.,*
546 U.S. 132 (2005) .......... 18, 20

*Matrix Fin. Servs. Corp. v. Seltzer*,
2023 U.S. Dist. LEXIS 22023 (D.N.J. Feb. 9, 2023) .......... 17

*McKenna v Verint Americas Inc.*,
2022 WL 3211422 (DNJ Aug. 9, 2022) .......... 21

*Mints v. Educational Testing Service,*
99 F.3d 1253, 1260 (3d Cir. 1996)........................................................................................ 19

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950).............................................................................................................. 10

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
526 U.S. 344 (1999).......................................................................................................... *passim*

*Oa Rum Hong v. Egas,*
2013 WL 5567566 (D.N.J. Oct. 7, 2013)............................................................................ 7, 17

*Parrish v ARC of Morris County, LLC,*
193 F Supp 3d 425 (D.N.J. 2016) ........................................................................................ 20

*Travelodge Hotels, Inc. v. Vijay Investments, LLC,*
2007 WL 4557641 (DNJ Dec. 21, 2007) ........................................................................ 10, 11

*Water Splash, Inc. v. Menon*,
581 U.S. 271 (2017)............................................................................................................ 9, 11

**STATE CASES**

*A & S Manufacturing Co., Inc. v. Wetzler*,
110 N.J. Super. 565 (Ch. Div. 1970) ...................................................................................... 8

*Aetna Inc. v. Insys Therapeutics, Inc.*,
284 F. Supp. 3d 582 (E.D. Pa. 2018) ...................................................................................... 6

*Amercoat Corp. v. Reagent Chem. & Rsch., Inc.*,
108 N.J. Super. 331, 261 A.2d 380 (App. Div. 1970) ......................................................... 10

*Berger v. Paterson Veterans Taxi Serv.*,
244 N.J.Super. 200 (App. Div. 1990) ..................................................................................... 8

*Dawson v. Wright,*
2007 WL 3376226 (N.J. Super. Ct. App. Div. Nov. 15, 2007). ............................................ 13

*Driscoll v. Burlington-Bristol Bridge Co.*,
8 N.J. 433, 493 (1952),
*cert. denied* 344 U.S. 838 (1952)........................................................................................... 8

*Eckman v. Grear*,
14 N.J. Misc. 807 (C.P. 1936). ........................................................................................ 8

*Modan v. Modan*,
327 N.J. Super. 44 (App. Div. 2000) ............................................................................. 10

*O'Connor v. Altus*,
67 N.J. 106 (1975) .......................................................................................................... 10

*Sablic v. Croatia Line*,
315 N.J. Super. 499, 719 A.2d 172 (App. Div. 1998) .................................................... 15

*Sobel v Long Is. Entertainment Productions, Inc.*,
329 NJ Super 285 (App Div 2000) ........................................................................ 8, 11, 15

**FEDERAL STATUTES**

28 U.S.C. 1332(a) (2) .........................................................................................................18

28 U.S.C. 1332(a) (3) .........................................................................................................18

28 U.S.C. 1332(b).............................................................................................................18

28 U.S.C. 1446(b)..................................................................................................1, 7, 14, 16

28 U.S.C. 1446(b)(2)(C).....................................................................................................16

Fed. R. Civ. P. 12(b) ..........................................................................................................18

Fed. R. Civ. P. 4(e)(2)..........................................................................................................1

Fed. R. Civ. P. 4(f).............................................................................................................15

**STATE STATUTES**

NJ Ct. R. 4:4-4 ...........................................................................................................*passim*

NJ Ct. R. 4:4-4(a)..............................................................................................................12

NJ Ct. R. 4:4-4(b)(1)..................................................................................................*passim*

NJ Ct. R. 4:4-4(b)(1)(c) ............................................................................................*passim*

NJ Ct. R. 4:4-5(a)..............................................................................................................12

NJ Ct. R. 4:4-5(b) ..................................................................................................10, 12, 14, 15

NJ Ct. R. 4:4–5(c)(2) .........................................................................................................10

NJ Ct. R. 4:4-7 ...........................................................................................................8, 10, 11

**TREATIES**

Article 10(a) of the Hague Service Convention…………………………………………………......9

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of Defendants Deleteme Europe Ltd., Criton Tornaritis and Deleteme USA, LLC, in opposition to the Plaintiffs' motion to remand this case to the Superior Court of New Jersey, Essex County. Plaintiffs' Motion to Remand rests on an incorrect premise, namely that all three Defendants had been validly served more than thirty days before the August 25, 2026 Notice of Removal. That is simply not so. There is no dispute that this Court has diversity jurisdiction. Plaintiffs themselves acknowledge complete diversity and an amount in controversy exceeding $75,000. As neither Cypriot Defendant has been served in accordance with Fed. R. Civ. P. 4(e)(2), putative service in accordance with New Jersey State law, consistent with Rule 4(e)(1), was fatally defective, and foreign service consistent with the Hague Convention as would be authorized by Rule 4(f) is likewise defective given a failure to comply with Rules 4(e)(1) and (2), along with New Jersey law, removal was timely under 28 U.S.C. § 1446(b), and denial of Plaintiffs' motion is necessary.

## SUMMARY OF ARGUMENT

Plaintiffs contend that Cypriot citizens Deleteme Europe Ltd. and Criton Tornaritis were served on July 10, 2026, that Delaware company Deleteme USA, LLC was served on July 20, 2026, and that the last possible date for removal was therefore August 19, 2026. But that calculation wrongfully assumes that legally valid and effective service was made on the Cypriot Defendants on July 10, 2026. Such service was still never effectively made, which led to the Defendants' pending but stayed motion to dismiss (ECF 3). Since service on the Cypriot Defendants was never valid, the Plaintiffs cannot prove that the removal clock started and therefore they cannot meet what is their burden to prove.

By its determination in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), the Supreme Court foreclosed Plaintiffs' attempt to substitute mere notice or receipt for formal service. The Supreme Court held that the removal period does not begin simply because a defendant receives the complaint; instead, the defendant must first be brought under the court's jurisdictional authority through formal service of process. It specifically warned against an interpretation of § 1446 that would allow plaintiffs to circumvent requirements governing foreign service and thereby deprive foreign defendants of their removal rights before they were formally brought into the action.

Formal effective service, under New Jersey law, was not made on Deleteme Europe or Mr. Tornaritis on July 10, 2026. Plaintiffs rely on a putative delivery by UPS in Nicosia, Cyprus. Yet NJ Ct. R. 4:4-4(b)(1)(C), upon which Plaintiffs rely, requires mailing by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail. This is not what Plaintiffs did. Firstly, UPS is not the postal service and use of UPS is not contemplated by the governing Rule. Moreover, the tracking records for what was ostensibly certified mail do not show arrival or completed delivery in Cyprus. Rather, they show arrival at the Jamaica, New York international distribution facility followed by an in-transit status. The separate UPS records show a Nicosia delivery. Plaintiffs cannot establish service for jurisdictional means without strictly complying with the Rules governing substituted service, which they failed to do. The delivery date associated with UPS does not establish that service was completed by USPS certified mail, and Plaintiffs' own proof shows that any certified mail has still not been recorded as arriving in Cyprus or delivered to any Defendant.

The defect is even clearer as to Mr. Tornaritis. Rule 4:4-4(b)(1)(C), as quoted by Plaintiffs themselves, requires mail service on an individual at his "dwelling house or usual place of abode." Plaintiffs instead sent the papers to a business address used for corporate, USPTO, and business correspondence and acknowledge that the person who accepted the UPS package was apparently the office manager of Tornaritis's firm. That fails to establish service at Tornaritis's dwelling or usual place of abode.

The consequences for removal are dispositive. Indeed, a similar remand argument was rejected in *Dellafera v. Mickle,* 2026 WL 482000 (D.N.J. Feb. 20, 2026). There, one defendant had been served, another had not been properly served, and the defendants jointly removed after the first defendant's thirty-day period had expired. The Court held that improper service did not start the removal period for the defendant improperly served with process, and expressly recognized that a previously served defendant may join or consent to another defendant's timely removal even after its own thirty-day period has closed.

Thus, even assuming for purposes of this Motion that Deleteme USA was properly served on July 20, 2026, and that its individual removal period expired on August 19, 2026, that in no way resolves the timeliness of the August 25, 2026 removal. As Deleteme Europe and Mr. Tornaritis had not been properly served, their individual removal periods had not begun to run, and Deleteme USA was, thus, entitled to join their timely removal.

Plaintiffs' authorities concerning the strictness of an already-triggered thirty-day deadline are therefore beside the point. Defendants seek no equitable tolling. The clock never started. Accordingly, Plaintiffs' motion should be denied in its entirety, and they should be compelled to promptly respond to the Defendants' substantive Rule 12(b) motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs commenced this action in the Superior Court of New Jersey, Essex County, on June 23, 2026. Plaintiffs' counsel contends that they conducted searches on July 7, 2026, and identified addresses for Deleteme Europe and Mr. Tornaritis in Nicosia, Cyprus. Subsequently, Plaintiffs, on July 7, 2026, allegedly directed packages containing the Complaint to the Cypriot Defendants by UPS, ordinary mail, and certified mail.

Plaintiffs argued that only the UPS packages were delivered in Nicosia on July 10, 2026 and were signed for by "Yiota." Plaintiffs identify that person, upon information and belief, as the office manager of Tornaritis's firm. Plaintiffs do not identify a completed Cyprus delivery date for any of the mailings allegedly sent certified. Instead, their motion states only that the certified and ordinary mail were "not returned."

However, Plaintiffs' own exhibits affirmatively demonstrate that the certified-mail packages were not delivered: the United States Postal Service (USPS) tracking records they submitted show no completed delivery. (ECF 16-12, 16-13). The tracking records associated with the certified-mail show the items reaching the Jamaica, New York international distribution facility and thereafter remaining in transit. *Id.* Thus, Plaintiffs' own record fails to establish completed certified-mail delivery in Cyprus. The Nicosia delivery event of July 10, 2026 reflected in the Plaintiffs' record is solely associated with separate UPS delivery to a Cypriot business address.

Notably, the UPS shipping labels were directed to Deleteme Europe's registered office on the seventh floor. (ECF 16-9). However, the UPS package was handed to an employee identified as Yiota. *Id.* Plaintiff asserts that "Yiota" refers to Ms. Yiota Neoptolemou who is the office manager *for* Tornaritis Law Firm on 6th floor, and *not for* DeleteMe EU. That discrepancy is

material to Plaintiffs' effort to treat the UPS event as proof that process was delivered at the corporate registered office identified on the label – which would still not remedy the failure to actually serve by certified mail.

Similarly, the Plaintiffs only directed mailings, whether by UPS or USPS, to a Cypriot business office. (ECF 16-10). No effort was made to send anything to Mr. Tornaritis "dwelling house or usual place of abode" as is mandated by NJ Ct. R. 4:4-4(b)(1)(C). Mr. Tornaritis does not reside at any business office, including the office where Plaintiffs directed UPS and ostensibly the USPS to make delivery to. (See, Tornaritis Decl. ¶¶ 7-12) Thus, even apart from the defects in the mailing method, the business-office delivery does not establish service at Tornaritis's dwelling house or usual place of abode.

The Plaintiffs contend that Deleteme USA was served through its Delaware registered agent on July 20, 2026. Defendants removed the action on August 25, 2026. All three Defendants joined in the Notice of Removal. Plaintiffs concede that no default had been entered against Deleteme USA before removal.

## ARGUMENT

### I. THE THIRTY-DAY REMOVAL PERIOD BEGINS ONLY UPON FORMAL, LEGALLY EFFECTIVE SERVICE

Even if Defendants received "notice" of the action more than thirty days before removal, that would not be relevant to the calculus. Rather, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers*, 526 U.S at 347–48. The Court

grounded that rule in a "bedrock principle": a defendant is not required to participate in litigation until brought under the court's authority through formal process. *Id*. at 347.

The principle has particular force here because the defendants at issue are located abroad. Any interpretation under which informal receipt could start the removal clock before foreign service was completed was expressly rejected in *Murphy Brothers*, where the Supreme Court observed that not requiring formal service would permit plaintiffs to improperly "dodge the requirements of international treaties and trap foreign opponents into keeping their suits in state courts." *Id*. at 356.

As a matter of law, "'the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service.'" *Cartridge Actuated Devices, Inc v The Flinchbaugh Co., Inc*., 2026 WL 2014244, at *2 (DNJ July 10, 2026), *quoting Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009). Importantly, "'even in the context of a motion to remand, proper service of a defendant is not presumed, and the party asserting the validity of service bears the burden of proof on that issue.'" *Id., quoting Blount v. TD Bank, N.A*., 2021 WL 2651760, at *2 (DNJ. June 28, 2021) (internal quotation marks omitted) (*quoting Aetna Inc. v. Insys Therapeutics, Inc*., 284 F. Supp. 3d 582, 584 (E.D. Pa. 2018)). *See also Dealer Loyalty Protection, Inc. v Red Dirt Motorcycles, LLC*, 2025 WL 4660798, at *5 (DNJ Dec. 19, 2025).

Where, as here, any of the defendants' thirty-day period "never began to run," remand would be improper. *Dellafera, supra.* Indeed, under the later-served-defendant rule, each defendant has its own thirty-day period and previously served defendants may join or consent to another defendant's removal even after their own periods have expired. *Id*.

Where, as here, service was not properly effected on either Cypriot Defendant, neither of their respective thirty-day periods for removal have commenced. *Oa Rum Hong v. Egas,* 2013 WL 5567566, at *3–4 (D.N.J. Oct. 7, 2013). The burden is on the Plaintiffs to establish strict compliance with their service obligations. *Id*. Since the Plaintiffs can not do that, remand would be improper. Moreover, contrary to the Plaintiffs' argument that mere notice of the action started the Defendants' removal clock, actual knowledge of the action, receipt of litigation materials, and counsel's participation in proceedings did not substitute for formal service. *Galvanek v. AT&T, Inc.,* 2007 WL 3256701, at *3–5 (D.N.J. Nov. 5, 2007).

Accordingly, Plaintiff's motion cannot succeed merely by demonstrating that Defendants somehow knew of this action, accessed the state-court docket, or received documents without proper service. Rather, Plaintiffs had the burden to establish formal service sufficient to trigger § 1446(b). The Plaintiffs have clearly not established and cannot establish formal service, which bars remand and will warrant dismissal.

## II. FORMAL SERVICE HAS NOT BEEN MADE ON THE CYPRIOT DEFENDANTS

The record establishes that on July 10, 2026, a package was delivered by UPS to a different floor of the building where Deleteme Europe's registered agent is located. No certified mail has been shown as delivered to any Defendant, or even reaching further than JFK International Airport in Jamaica, New York. (ECF 16-12, 16-13). By contrast, the certified-mail tracking reflected shows only arrival at the Jamaica, New York international distribution facility and an ensuing in-transit status. There is no record of certified-mail delivery in Cyprus on July 10, 2026, or at any other time. That distinction matters. NJ Ct. R. 4:4-4(b)(1)(C) mandates a specific method of service if a Plaintiff is resorting to postal delivery. The plain language of the governing rule provides that

when resorting to mail service, the papers served must be sent via "registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." NJ Ct. R. 4:4-4(b)(1)(C). A private courier's delivery (to a different address than specified) is not service by registered or certified mail. The controlling service of process rules "'go to the jurisdiction of the court and must be strictly complied with. Any defects ... are fatal and leave the court without jurisdiction and its judgment void.'" *Sobel v Long Is. Entertainment Productions, Inc*., 329 NJ Super 285 (App Div 2000), *quoting Driscoll v. Burlington-Bristol Bridge Co*., 8 N.J. 433, 493 (1952), *cert. denied* 344 U.S. 838 (1952) (omission in original). *See also Berger v. Paterson Veterans Taxi Serv*., 244 N.J.Super. 200, 205 (App. Div. 1990). Moreover, "[s]ubstituted or constructive service is in derogation of the general common law requirement that there be personal service" *A & S Manufacturing Co., Inc. v. Wetzler*, 110 N.J. Super. 565, 567 (Ch. Div. 1970), *citing Kurilla v. Roth*, 132 N.J.L. 213, 216 (Sup. Ct. 1944); *Eckman v. Grear*, 14 N.J. Misc. 807, 809 (C.P. 1936). Accordingly, "[s]tatutes or rules of court providing for such service must be strictly construed and fully carried out in order to confer jurisdiction." *Id. citing Kurilla, supra*. Here, given the multitude of violations of the Rules, service was never made.

Defendants' challenged the method of service with a Motion to Dismiss, currently pending before this Court (ECF 3) (which has not been responded to and has since been stayed pending determination of this motion), which likewise explains that NJ Ct. R. 4:4-7 requires proof of registered or certified-mail service through a return receipt or USPS electronic delivery confirmation containing the recipient's signature, or the unclaimed registered or certified mail.

Plaintiffs' assertion that the certified and regular mail were "not returned" does not fill that evidentiary gap. Non-return is not affirmative proof of delivery, much less proof of delivery on

July 10, 2026. Here the Plaintiffs' own certified-mail tracking affirmatively stops short of completed Cyprus arrival, much less delivery. Plaintiffs therefore have not established any proper service of process on the Cypriot Defendants and have certainly not established that any removal clock began to run on July 10, 2026. Without proper effective service, in strict compliance with the alternative substituted service provisions of the New Jersey Court Rules, the Cypriot Defendants' removal clock was never triggered and the Plaintiffs' removal period calculation and claims of expiration fail.

## III. PLAINTIFFS' HAGUE CONVENTION ARGUMENT DOES NOT CURE THE DEFECTS IN SERVICE

Plaintiffs next invoke Article 10(a) of the Hague Service Convention because Cyprus has not objected to service through postal channels. Again, that proposition does not establish valid service.

Article 10(a) does not itself create an independent method of service. *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017). Rather, where the receiving state has not objected, service through postal channels remains permissible under Article 10(a) *only if* authorized under otherwise-applicable law. *Id.*; *Marks Law Offices, LLC v. Mireskandari,* 704 F. App'x 171, 177 (3d Cir. 2017). Thus, Cyprus's non-objection does not eliminate the Plaintiffs' obligation to strictly comply with the service of process requirements embedded in applicable federal and New Jersey law.

The applicable New Jersey Rules specifically delineate pre-conditions to relying on postal service, and further mandate specific means and methods of making such service. The Plaintiffs failed to comply with these mandates and therefore any putative service in Cyprus was and remains without effect.

Critically, postal service must be consistent with due process of law. This requires that any defendant so served must have sufficient minimum contacts with New Jersey to justify the exercise of personal jurisdiction. *Amercoat Corp. v. Reagent Chem. & Rsch., Inc*., 108 N.J. Super. 331, 261 A.2d 380 (App. Div. 1970). Furthermore, any mailing must have been sent by registered or certified mail, return receipt requested, simultaneously with ordinary mail, addressed to the defendant, when an individual, at "their usual dwelling house or usual place of abode" and a corporation, partnership or unincorporated association at a registered agent for service, principal place of business, or registered office. N.J. Ct. R. 4:4-4(b)(1)(C); *Glob. Trademarks, Inc. v Zhao*, 2026 WL 1893998, at *3 (DNJ July 1, 2026), *quoting* N.J. Ct. R. 4:4-4(b)(1)(c), 4:4-5(b).

As a matter of law, NJ Ct. R. 4:4-4 requires that *before* any postal service begins, the Plaintiff must first engage in due diligence to make personal service. Then, the Plaintiff must delineate all of its efforts at personal service in a detailed affidavit of diligence, which must be filed *before* engaging in postal service. "'An affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Glob. Trademarks, supra, quoting Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000). "The diligence exercised and the alternative service requested must meet the constitutional requirements of due process provided that 'notice [be] reasonably calculated.. to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id., quoting O'Connor v. Altus*, 67 N.J. 106, 126-27 (1975) (*quoting Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Mail service is a substitute method of last resort, not a first option. The affidavit of inquiry must be filed *before* mailing and must be filed *with proof of service* under NJ Ct. R. 4:4-7. *Travelodge Hotels, Inc., supra*. Indeed, "a prerequisite for serving a defendant outside the State is

an 'affidavit satisfying the requirements of R. 4:4–5(c)(2) that despite diligent effort and inquiry personal service' cannot be effected within the State." *Sobel v Long Is. Entertainment Productions, Inc.*, 329 NJ Super 285, 291 (App Div 2000), *quoting* NJ Ct. R. 4:4–4(b)(1). This did not happen. Indeed, the Plaintiffs did not file such a certification until well *after* they claimed to have made postal service on August 18, 2026. (ECF 16-08) This is a fatal defect. *Leavitt v Sky Warrior Bahamas Ltd.,* 2024 WL 4275052, at *6 (DNJ Sept. 24, 2024); *Travelodge Hotels, Inc. v. Vijay Investments, LLC*, 2007 WL 4557641 (DNJ Dec. 21, 2007). Likewise, those same Rules mandate that to be effective, any postal service must be made by registered or certified mail, return receipt requested, together with an additional first-class mail, all through the United States Postal Service and not private couriers. NJ Ct. R. 4:4-4(b)(1)(C). "Where service is made by registered or certified mail and simultaneously by regular mail, the return receipt card, or the printout of the electronic confirmation of delivery, which shall include an image of the recipient's signature, provided by the U.S. Postal Service, or the unclaimed registered or certified mail shall be filed as part of the proof." N.J. Ct. R. 4:4-7. UPS courier service is not registered or certified mail contemplated by NJ Ct. R. 4:4-4. Moreover, Plaintiffs' own submissions do not establish certified-mail delivery. (ECF 16-12, 16-13) The Plaintiffs' unilateral decision to send documents solely to a Cypriot business address by UPS and allegedly received by the office manager of a non-party law firm does not cure their failures to comply with the law. Accordingly, Plaintiffs' argument must fail as a matter of law.

Plaintiffs' fallback assertion that their mailing was otherwise "provided by law" under NJ Ct. R. 4:4-4(b)(2) fares no better. The Hague Convention does not supply an independent service

mechanism free from domestic requirements. Rather, what is otherwise provided by law is strict compliance with NJ Ct. R. 4:4-4. *See, e.g., Water Splash, supra; Marks Law Offices, LLC, supra*.

Accordingly, the substituted service mechanism under NJ Ct. R. 4:4-4(b)(1)(C) is expressly conditioned on the prior existence of an affidavit satisfying the requirements of NJ Ct. R. 4:4-5(b). Indeed, in accordance with the Rule, in personam jurisdiction may be obtained by mail service only if it appears by affidavit that despite diligent effort and inquiry personal service cannot be made in accordance with NJ Ct. R. 4:4-4(a). This language makes the affidavit a condition precedent — it must exist before service is attempted.

"'Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Furando v Komie*, 2026 WL 1005054, at *3 (DNJ Apr. 14, 2026), *quoting Argonaut-Midwest Ins. Co. v. Colt Logistics Inc*., 2018 WL 6716104, at *2 (DNJ Dec. 20, 2018); and *citing* N.J. Ct. R. 4:4-5(a); 4:4-4(b)(1); 4:4-5(b). Here, prior to resorting to putative international service by mail, the Plaintiffs did not address any diligence whatsoever and "failed to file an affidavit satisfying any such diligent effort or inquiry" in advance of such service. "Accordingly, [Plaintiffs] ha[ve]s failed to properly serve [Defendants]." *Cruz v City of Newark*, 2026 WL 1067786, at *5 (DNJ Apr. 20, 2026), and, the Court should dismiss their motion to remand.

## IV. SERVICE ON CYPRIOT DEFENDANTS WAS INDEPENDENTLY DEFECTIVE

The additional fatal service defect as to Mr. Tornaritis is independent and straightforward. Plaintiffs quote NJ Ct. R. 4:4-4(b)(1)(C) as permitting mail service upon an individual where the papers are addressed to the individual's "dwelling house or usual place of abode." But Plaintiffs

do not even try to contend that the Nicosia, Cyprus business address they used to address ostensible mailings to Mr. Tornaritis was his residence. It was not.

Plaintiffs contend that the mail service address they used was identified through the Cyprus Department of Registrar of Companies and Intellectual Property and the USPTO as an address at which Mr. Tornaritis could merely receive correspondence. (ECF 16-8, 16-10). The Plaintiffs further urge that the UPS package was accepted by "Yiota," whom they identify as the office manager of Mr. Tornaritis's Cypriot law firm. Those facts establish, at most, putative addressing to and delivery by UPS at a business address, not at Mr. Tornaritis's "dwelling house or usual place of abode," which violates the unambiguous mandate of NJ Ct. R. 4:4-4(b)(1)(C). Plaintiffs' proof of an office delivery by private courier does not satisfy the mandate of an alternative substituted service rule that expressly requires that the mailings be addressed to and delivered at an individual where he resides, not where he works. Notably, Plaintiff here does not assert that "Yiota," is an employee of Deleteme Europe or a person authorized to accept service on its behalf, nor that she likewise had no authority to accept service on behalf of Mr. Tornaritis.

"Nothing in the Rules of Court permits out-of-state mail service upon an individual at a commercial establishment." *Dawson v. Wright,* 2007 WL 3376226, at *6 (N.J. Super. Ct. App. Div. Nov. 15, 2007). The Plaintiffs cannot avoid that requirement by asserting that the address was "reasonably calculated" to reach Mr. Tornaritis. Reasonable notice and compliance with a prescribed method of service are separate inquiries. A putative notice cannot replace formal service. *See, e.g., Murphy Brothers, supra; Oa Rum Hong, supra.*

Plaintiffs' reliance on *EOI Corp. v. Medical Marketing*, 172 F.R.D. 133 (D.N.J. 1997) is misplaced. As Plaintiffs describe that case, it involved service upon a company through its

managing director's private residence. That is the opposite of what happened here where Plaintiffs attempted to serve an individual, via UPS, at a business address, when the law requires that the mailing be made by the postal service and directed to the individual's home. The Plaintiffs' own description underscores the distinction. The record, therefore, unequivocally shows that Mr. Tornaritis was never formally served, was not served on July 10, 2026, and his § 1446(b) removal period never began to run.

## V. PLAINTIFFS' CONTENTIONS THAT THEY MADE A DILIGENT-INQUIRY DOES NOT CURE THE INDEPENDENT DEFECTS IN THEIR MEANS AND METHODS OF SERVICE

Plaintiffs devote substantial attention to the searches counsel conducted before attempting substituted service. That, again, does not cure their fatal defects.

Defendants do not need the Court to decide the sufficiency of Plaintiffs' investigative efforts in order to deny remand. Even assuming for purposes of this motion that Plaintiffs conducted a sufficient inquiry, that would not cure the independent deficiencies identified above: the absence of evidence establishing completed certified-mail delivery to both Cypriot Defendants on July 10, 2026, and, as to Mr. Tornaritis, service only at a business address rather than his dwelling or usual place of abode.

Indeed, under governing New Jersey law, substituted postal service is conditioned upon compliance with NJ Ct. R. 4:4-4(b)(1) and 4:4-5(b). Here, Plaintiffs failed to file an affidavit establishing diligent effort or inquiry *before* attempting international mail service. This was a fatal defect. Indeed,

> *Before* obtaining personal jurisdiction by substituted or constructive service, the plaintiff must file an Affidavit of Inquiry explaining "that despite diligent effort and inquiry personal service cannot be made in

> accordance" with Rule 4:4-4(a). Id. at 4:4-4(b)(1). That Affidavit must 'fully specify [ ] the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.'

*Leavitt, supra* at *6, *quoting* NJ Ct. R. 4:4-5(b) (emphasis added), *See Travelodge Hotels, Inc, supra* (affidavit of dilligence needs to be filed before resort to mailing); *Sobel v. Long Island Entertainment Productions, Inc*., 329 NJ Super 285, 291 (App Div 2000) (affidavit of diligence is a prerequisite to out-of-state service); *Sablic v. Croatia Line*, 315 N.J. Super. 499, 719 A.2d 172 (App. Div. 1998) (the affidavit-of-inquiry requirement must be satisfied). *See also LT Game Intern. Ltd. v DEQ Sys. Corp.*, 2013 WL 5536195, at *1-2 (DNJ Oct. 7, 2013) (even if a Hague Convention signatory receiving country has not objected to service by postal channels, the mailings must be made in compliance with applicable law (there Fed. R. Civ. P. 4(f))).

The timing of the affidavit is itself dispositive to Plaintiffs' chosen substituted-service method. *Before* obtaining personal jurisdiction by substituted or constructive service, the plaintiff must file an affidavit explaining that despite diligent effort and inquiry personal service cannot be made. *Leavitt, supra*, at *6. Such an affidavit is a prerequisite to resorting to mail service. *Id.*; *Travelodge Hotels, supra. Accordingly,* the affidavit must be drafted and filed *before* the putative service mailing is undertaken, not supplied after the fact, as Plaintiffs did here. Plaintiffs did *not* file the affidavit before resorting to postal service here. That was fatal to any potential validity of service by mail as. this mandatory sequence cannot be retroactively cured by a later-filed affidavit.

## VI. THE LATER-SERVED-DEFENDANT RULE DEFEATS PLAINTIFFS' ARGUMENT THAT DELETEME USA'S INDIVIDUAL DEADLINE ENDED THE REMOVAL RIGHT FOR ALL DEFENDANTS

Plaintiffs acknowledge that each defendant has an individual thirty-day period, and an earlier-served defendant may consent to a later-served defendant's timely removal. They

nevertheless declare that rule "inapplicable" because Deleteme USA was supposedly the last-served defendant. They are wrong. Deleteme USA is the first served defendant presuming delivery was properly made to its registered agent, Deleteme Europe and Mr. Tornaritis have not been served yet and were not served on July 10, 2026.

"[I]n cases involving multiple defendants, the removal statute modifies how the thirty-day removal period operates, giving each defendant its own removal window." *Christy v Ayela,* 2026 WL 497196, at *2 (DNJ Feb. 23, 2026), *quoting* 28 U.S.C. 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal"). The later-served rule exists precisely to prevent one defendant's removal rights from being extinguished before that defendant is legally required to act. *Delalla v. Hanover Insurance,* 2009 WL 3379915, at *4 (D.N.J. Oct. 16, 2009). Indeed, "[p]reviously served defendants may then join in or consent to that removal, even if their own 30-day periods have already closed." *Dellafera*, *supra* at *2. Accordingly, even if, *arguendo,* Deleteme USA was properly served and its individual period to remove expired, that does not impede the timeliness of the August 25, 2026 Notice of Removal as the Cypriot Defendants each still possessed their own removal right.

## VII. PLAINTIFFS' STRICT-DEADLINE AUTHORITIES DO NOT ADDRESS THE DISPOSITIVE QUESTION

Plaintiffs argue that § 1446(b)'s thirty-day deadline is strict and cannot be equitably tolled.[1] However, this argument is a complete "red herring" as Defendants never raised equitable

---

[1] *See Enbridge Energy, LP v. Nessel*, 608 U.S. 67, 79-80 (2026); *Ewalt v. Gatehouse Media Ohio Holdings II Inc.*, 176 F.4th 880, 885 (6th Cir. 2026); *Cartridge Actuated Devices, Inc. v.*

tolling. The thirty-day period for the Cypriot Defendants to remove never started much less expired because, to date, Plaintiffs have failed to properly serve them.

Plaintiffs' own descriptions reveal the distinction. *Cartridge Actuated Devices* involved waiver of service; *Atanacio* involved completed certified service; and *Matrix* and *Carroll* involved notices filed *after* an already-triggered deadline. Here, formal, legally proper service, in strict compliance with applicable federal and state law, has never been made on the Cypriot Defendants. Plaintiffs failed to meet their service obligations and therefore the removal clock was never triggered. *See, Murphy Brothers,*526 U.S at 347–48; *Dellafera, supra; Oa Rum Hong v. Egas, supra* at *3–4.

## VIII. PLAINTIFFS' RELIANCE ON ACTUAL NOTICE, THE PUBLIC DOCKET, AND THE STATE-COURT DEFAULTS ARE ALL LEGALLY IRRELEVANT TO THE § 1446 TRIGGER

Plaintiffs' fee argument emphasizes that Defendants' counsel found the action on New Jersey eCourts and therefore had "sufficient notice" of the lawsuit. *Murphy Brothers* forecloses that argument. If receipt of the complaint itself does not begin the removal period absent formal service, locating filings on a public docket plainly does not. In *Galvanek, supra,* AT&T knew of the lawsuit, received pleadings, and had counsel participate in court proceedings. The court nevertheless held that none of those events started the removal period because formal service had not occurred. *Id*. at *3–5.

---

*Flinchbaugh Co.*, 2026 U.S. Dist. LEXIS 154025 (D.N.J. July 10, 2026); *Atanacio v. CEMAKS Indus.*, 2025 U.S. Dist. LEXIS 206649 (E.D. Pa. Oct. 21, 2025); *Matrix Fin. Servs. Corp. v. Seltzer*, 2023 U.S. Dist. LEXIS 22023 (D.N.J. Feb. 9, 2023); *Carroll v. United Air Lines,* 7 F. Supp. 2d 516 (D.N.J. 1998).

Plaintiffs' argument regarding the state-court defaults does not alter that analysis. Those defaults rest upon the very service that Defendants challenge and have moved to set aside. The state court never adjudicated the validity of contested service, nor can or do Plaintiffs allege that the defaults retroactively create formal service where the governing requirements were not satisfied. Moreover, Plaintiffs concede that the requested default against Deleteme USA had not been entered before Defendants removed the action.

**IX. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES SHOULD BE DENIED**

Plaintiffs seek fees under 28 U.S.C. § 1447(c) but acknowledge that fees are appropriate *only* where the removing party lacked an "objectively reasonable basis" for removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The record does not and can not support that finding.

Defendants had an objectively reasonable basis to remove because the federal courts have original jurisdiction given there is complete diversity pursuant to 28 U.S.C. 1332(a) (2), (3) (which is not in dispute) and the amount in controversy exceeds $75,000 as required by 28 U.S.C. 1332(b)(also not in dispute). While the parties may disagree about timeliness, the record supports the Defendants' position that Plaintiffs' failed to serve the Cypriot Defendants in strict compliance with governing law and therefore their time to remove has still not been triggered. Indeed, upon removal, the Defendants promptly filed a well briefed motion to dismiss under Fed. R. Civ. P. 12(b) that details, inter alia, the significant defects in service concerning the Cypriot Defendants which placed the Plaintiffs on actual notice of the reasonableness in Defendants' removal.

Even if, arguendo, the timeliness issue were ultimately determined to favor the Plaintiffs (which, it is respectfully submitted, cannot be the case given the Plaintiffs' documented service

failures at multiple levels), there would still have been a genuine threshold dispute concerning whether the Cypriot Defendants had ever been validly served. Plaintiffs themselves rely on substituted international service under New Jersey law, while, at best for the Plaintiffs, the record raises substantial questions concerning their strict compliance with the mandatory prerequisites and parameters to that method of service.

As a matter of law, "an award of fees and costs is not proper where the defendant asserts at least a colorable basis for the removal." *Horizon Blue Cross Blue Shield of New Jersey v E. Brunswick Surgery Ctr*., 623 F Supp 2d 568, 579 (D.N.J. 2009), *citing Mints v. Educational Testing Service,* 99 F.3d 1253, 1260 (3d Cir. 1996). Here, removal was based on proper assertions of federal jurisdiction, and it was timely based on lack of proper service. Indeed, "Proper service of process, or a valid waiver, is required for the thirty-day clock to begin to run on removal rights." *Granovsky v Pfizer, Inc.*, 631 F Supp 2d 554, 559 (D.N.J. 2009), *citing Murphy Bros.,* 526 U.S. at 350. Notably, in *Granovsky*, the parties disputed the validity of service under NJ Ct. R. 4:4-4(c), with the removing Defendant arguing that the provision only applied to in-state service. Ultimately, the Court found that the Defendant's reading was too narrow and determined that the removing Defendant was served and its time to remove had expired. Critically, however, the Court denied an award of attorney's fees, finding that "defendants' Notice of Removal was based upon a reasonable, although ultimately faulty, reading of New Jersey Rule 4:4–4(c) and the Supreme Court's Murphy Brothers opinion." *Id*. at 564.

Here, where the removal deadline depends on the legal effectiveness of disputed service, and where controlling and persuasive authority recognizes that defective service does not trigger the removal clock, Defendants' position was plainly colorable. The fact that Plaintiffs disagree

with that position does not render the removal “objectively unreasonable.” Indeed, even if a reviewing Court determines that a removal was untimely, that does not itself make removal “objectively unreasonable” or authorize the imposition of fees. *See Costa v Verizon New Jersey, Inc*., 936 F Supp 2d 455, 467-68 (D.N.J. 2013), *quoting Martin*, 546 U.S. at 141 (“[e]ven though the Court has determined that Defendant's Notice of Removal was untimely under the circumstances presented in this case, it cannot say that the Verizon ‘lacked an objectively reasonable basis for seeking removal.’ Therefore, Costa's request for fees and costs will be denied”).

The Plaintiffs’ protestations notwithstanding, the proper inquiries here are not simply whether Defendants knew the action existed, but whether there was a legitimate legal basis to conclude that service in Cyprus was not proper and that the statutory removal period had not yet begun or remained available to a later-served defendant. This is particularly so given the unsettled and fact-specific questions surrounding foreign service here. Defendants were surely entitled to invoke federal jurisdiction and obtain a judicial determination of timeliness without exposing themselves to a fee award merely for advancing a meritorious, colorable and nonfrivolous interpretation of the governing service and removal rules. A removal supported by Supreme Court authority, directly relevant District of New Jersey authority, federal statutory authority and New Jersey state statutory and decisional law that is then disputed by the Plaintiffs cannot be properly characterized as objectively unreasonable. Accordingly, under these circumstances, if the Honorable Court were to conclude that removal was untimely, imposition of any fees would be improper. *See Parrish v ARC of Morris County, LLC*, 193 F Supp 3d 425, 435 (D.N.J. 2016);

*McKenna v Verint Americas Inc.*, 2022 WL 3211422, at *6 (DNJ Aug. 9, 2022); *Battle v Walmart Dept. Store*, 2020 WL 7022638, at *4 (DNJ Nov. 30, 2020).

Plaintiffs' suggestion that removal was undertaken merely to delay the case because Defendants had located the action on eCourts is particularly untenable under *Murphy Brothers*. Alleged knowledge is not service. Moreover, the Defendants promptly moved to dismiss the case in its entirety – which evidences an effort to promptly dispose of the matter, not delay its resolution. Plaintiffs' request for fees should be denied.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' Motion to Remand in its entirety and deny Plaintiffs' request for attorneys' fees and costs.

Dated: October 7, 2026
New York, New York

Respectfully submitted,

**PARDALIS & NOHAVICKA LLP**

/s/ Anastasi Pardalis
Anastasi Pardalis
Eleni Melekou
950 Third Avenue, 31st Floor
New York, NY 10022
(212) 213-8511
Taso@pnlawyers.com
Eleni@pnlawyers.com

*Attorneys for Defendants*
*Deleteme USA LLC,*
*Deleteme Europe Ltd, and*
*Criton Tornaritis*