**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>DELETEME USA, LLC, DELETEME EUROPE LTD, CRITON TORNARITIS, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Civil Action No. 1:26-cv-10945-HB<br><br>Hon. Harvey Bartle, III |

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR REMAND PURSUANT TO 28 U.S.C. § 1447**

---

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Julia R. Livingston, Esq. (558142026)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Email: rparikh@pemlawfirm.com
jlivingston@pemlawfirm.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Table of Contents ..................................................................................... ii

Table of Authorities................................................................................... iii

I. Preliminary Statement ..................................................................................1

II. Relevant Facts.............................................................................................2

III. Legal Argument..........................................................................................4

A. Service On the Cypriot Defendants Is Valid ...............................................5

1. July 10, 2026 Service Pursuant to the Hague Convention was Proper ....5

2. July 10, 2026 Service via Certified and Regular Mail was Proper ..........8

a. The Cypriot Defendants Were Provided Actual Notice ......................12

B. Plaintiffs Complied with New Jersey Rules in Filing the Certification of Diligent Inquiry.............................................................................................13

C. There Is No Dispute that DeleteMe USA LLC Was Properly Served .......15

IV. Conclusion .................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Ackourey v. Noblehouse Custom Tailors*,
2013 U.S. Dist. LEXIS 163535 (E.D. Pa. Nov. 15, 2013) .....................................5

*Atlas Data Priv. Corp. v. Thomson Reuters Corp.*,
No. 24-4269, 2025 U.S. Dist. LEXIS 83452 (D.N.J. May 1, 2025) .......................4

*Atlas Data Privacy Corp. v. Radaris, LLC*,
MID-L-847-24 (Law Div.) ..........................................................................12

*Boyer v. Snap-On Tools Corp.*,
913 F.2d 108 (3d Cir. 1990)..........................................................................4

*Cruz v. City of Newark*,
Case No. 2:25-cv-04554 (BRM) (JBC), 2026 U.S. Dist. LEXIS 85872 (D.N.J. Apr. 20, 2026)..........................................................................12

*Dawson v. Wright*
No. A-0952-06T5, 2007 N.J. Super. Unpub. LEXIS 199 (App. Div. Nov. 15, 2007)..........................................................................6

*DeGroot, Kalliel, Traint & Conklin, P.C. v. Camarota*,
169 N.J. Super. 338 (App. Div. 1979) ..........................................................8

*Deutsche Bank Nat'l Tr. Co. v. Choi*,
No. A-2947-15T3, 2017 N.J. Super. Unpub. LEXIS 2149 (App. Div. Aug. 25, 2017)..........................................................................11

*Evergreen Shipping Agency v. Glob. Shipping Agencies*,
C.A. No. 19-4958, 2019 U.S. Dist. LEDXIS 195500, at *2 (D.N.J. Nov. 12, 2019)..........................................................................5

*First Resolution Inv. Corp. v. Seker*,
171 N.J. 502 (2002)..........................................................................7

*Gapanovich v. Komori Corp.*,
255 N.J. Super. 607 (App. Div. 1992) ........................................................ 5, 6, 10

*Germinario v. RAM Payment, L.L.C.*,
No. 1:19-cv-15164, 2020 U.S. Dist. LEXIS 68288 (D.N.J. Apr. 20, 2020) ..10, 11

*Leavitt v. Sky Warrior Bahamas, Ltd.* Civ.
No. 24-886-RMB-SAK, 2024 U.S. Dist. LEXIS 172136 (D.N.J. Sept. 24, 2024)
...................................................................................................11

*Modan v. Modan*,
327 N.J. Super. 44 (App. Div. 2000) ........................................................8

*Murphy Bros. v. Michetti Pipe Stringing*,
526 U.S. 344 (1999) ........................................................................4

*O'Connor v. Altus*,
67 N.J. 106 (1975) ........................................................................8, 9

*Rosa v. Araujo*,
260 N.J. Super. 458 (App. Div. 1992) ...................................................8, 10

*Sobel v. Long Island Entm't Prods., Inc.*,
329 N.J. Super. 285 (App. Div. 2000) ...................................................12

*Staton v. Theta Holding Co., L.P.*,
No. A-2045-08T2, 2009 N.J. Super. Unpub. LEXIS 2914 (App. Div. Nov. 25, 2009) ........................................................................8

*TracFone Wireless, Inc. v. Unlimited PCS Inc.*,
279 F.R.D. 626 (S.D. Fla. 2012).........................................................5

*Travelodge Hotels, Inc. v. Vijay Invs., LLC*,
Civ. No. 07-4033 (FSH), 2007 U.S. Dist. LEXIS 93840 (D.N.J. Dec. 21, 2007)
...................................................................................................12

*U.S. Bank Nat'l Ass'n v. Curcio*,
444 N.J. Super. 94 (App. Div. 2016) ...................................................7, 11

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) ....................................................................................4

*Warren v. Cox*,
25-CV-6384 (JGLC), 2026 U.S. Dist. LEXIS 173534 (S.D.N.Y. Aug. 3, 2026)..5, 6

*Water Splash, Inc. v. Menon*,
581 U.S. 271 (2017) ................................................................................4, 5

**OTHER AUTHORITIES**

28 U.S.C. § 1446 ..........................................................................................3

Fed. R. Civ. P. 4(f)(1) ...................................................................................6

**RULES**

*Rule* 1:5-4(b) ..............................................................................................7

*Rule* 4:4-3(a) ..............................................................................................8

*Rule* 4:4-4(b)(1)..................................................................................... *passim*

*Rule* 4:4-4(b)(2)............................................................................... 4, 5, 6, 10

*Rule* 4:4-7 ...........................................................................................7, 11

## I. PRELIMINARY STATEMENT

Defendants' DeleteMe USA, LLC, DeleteMe Europe, Ltd., and Criton Tornaritis (collectively "Defendants") opposition crystalizes the sole dispute before the Court as follows: whether service upon Criton Tornaritis and DeleteMe Europe Ltd. in the Republic of Cyprus on July 10, 2026 complied with the New Jersey Rules of Court ("New Jersey Rules") and the Hague Service Convention. Because service in Cyprus on July 10, 2026 was proper, Defendants missed the strict statutory window to remove and remand is required.

Service was effectuated in Cyprus on July 10, 2026 and in Delaware on July 20, 2026. The last day Defendants could have removed this matter was August 19, 2026. They failed to do so until August 25, 2026. Their only argument that removal was timely is that service upon Criton Tornaritis and DeleteMe Europe Ltd. (the "Cypriot Defendants") was somehow improper. They are incorrect on the law and facts.

To argue invalid service, Defendants point to alleged defects that courts in this and other districts have rejected, including that: Plaintiffs employed the wrong "postal channel"; Plaintiffs failed to file a certification of diligent inquiry at the right time; and delivery itself was faulty because of the signatory and building floor. These arguments are not only unpersuasive, but they misinterpret the rules governing service and are otherwise unsupported by the law.

As demonstrated in Plaintiffs' moving brief and further below, service of process upon the Cypriot Defendants complied both with the New Jersey Rules and the Republic of Cyprus' elections under Article 10(a) of the Hague Service Convention. As a result, Defendants' removal was untimely and the motion to remand must be granted.

## II. RELEVANT FACTS

On July 7, 2026, after filing the Complaint, and prior to initiating service by mail, Plaintiffs' counsel researched to find an address where each of the Defendants could be served. ECF Nos. 16-8; 16-7; 16-5 at 3-5. This research indicated that there was no New Jersey address or agent for any of the Defendants. ECF No. 16-7 ¶ 13. Defendants confirmed that DeleteMe Europe Ltd. ("DeleteMe Eu.") has no New Jersey offices or employees and that Mr. Tornaritis has no residence in the U.S. ECF No. 17-1 ¶¶ 5-6 ("Tornaritis Decl."). Mr. Tornaritis is the sole member of DeleteMe USA, LLC ("DeleteMe USA") and the Chairman, Director, and Secretary of DeleteMe Eu. *Id.* ¶¶ 3-4; ECF No. 16-7 at 63.

The service addresses Plaintiffs' counsel identified for the Cypriot Defendants all pointed to one building: 16 Stasikratous, Nicosia. Both deleteme.com and the Cyprus Department of Registrar of Companies and Intellectual Property list this address as the location/registered office of DeleteMe Eu.; the Cypriot government records specify Floor 7/Office 701. ECF No. 16-7 ¶¶ 12(a), (f). It appears that Mr.

Tornaritis and his eponymous law firm operate a registered agent/registered office type service from this specific office suite. *See* Livingston Reply Certification ("Reply Cert.") at Ex. A. The Cypriot registrar further lists Mr. Tornaritis as DeleteMe Eu.'s Director and Secretary. ECF No. 16-7 at 64. The USPTO lists the DELETEME word mark (Serial No. 87921449) as registered to Mr. Tornaritis personally at the same address, on the 6th Floor. *Id.* at 74. This building is associated with many other business ventures of Mr. Tornaritis on Floors 6 and 7. Tornaritis Decl. at ¶ 12 (law firm); Reply Cert. Exs. B-E (Tornaritis Corporate Services Ltd., Tornaritis Holding Ltd., Tornaritis Investments Ltd., Tornaritis Old Town Ltd.).

On July 7, 2026, the summons and Complaint were dispatched to both Cypriot Defendants by UPS International (signature required), as well as by certified and regular mail. ECF Nos. 16-9 ¶ 5; 16-10 ¶ 5. On July 10, 2026, UPS International delivered both packages to 16 Stasikratous. Each package was signed for by "Yiota," the officer administrator for the Tornaritis Law Firm. ECF Nos. 16-9, 16-10, 16-11.

Importantly, Defendants concede that the package for DeleteMe Eu. was addressed to its registered office and that the UPS packages were received. Tornaritis Decl. ¶¶7-8, 12. Instead, they argue, without any evidence, that the packages were received or delivered to the wrong floor. ECF No. 17 ("Opp.") at 7. In fact, Mr. Tornaritis only stated that he was not "personally handed" the summons and Complaint and denied receipt of certified or registered mail "at [his] residence."

Tornaritis Decl. ¶¶ 13, 15. He does not dispute that the service package addressed to each of the Cypriot Defendants by UPS, certified and regular mail were all received at his regular place of business by a competent individual over 18 years of age. On July 20, 2026, DeleteMe USA was served by process server at its Delaware registered agent. ECF No. 16-14. Defendants make no credible challenge as to service on DeleteMe USA.[1]

With respect to Plaintiffs' diligent inquiries, Defendants seem to accept that Plaintiffs' research occurred on July 7, 2026. They only contest the sufficiency of Plaintiffs' research as to Mr. Tornaritis' personal address, and fault Plaintiffs for filing their certification of diligent inquiry *after* researching a service address and completing service at that address (despite the New Jersey Rules identifying this process and timing). ECF No. 17 at 14-15. On August 25, 2026, after knowing about the suit for months, Defendants filed an untimely notice of removal. ECF No. 1.

## III. LEGAL ARGUMENT

Under 28 U.S.C. § 1446, a defendant has thirty days from service to remove. The period runs from no later than formal service. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348 (1999). Removal statutes are strictly construed against removal, and doubts are resolved in favor of remand. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

[1] *See* ECF No. 1 ¶¶ 3, 15, & 18 (Notice of Removal).

**A. Service On the Cypriot Defendants Was Valid**

Service was proper upon the Cypriot Defendants by two independent methods: (1) pursuant to the Hague Convention via UPS International, and (2) under the New Jersey Rules permitting service by certified and regular mail. *Rule* 4:4-4(b)(2), permits any method "as provided by law," here the Hague Service Convention. *Rule* 4:4-4(b)(1)(C) permits "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested."

In their opposition, Defendants argue two versions of the same point: Plaintiffs (1) could not use a commercial carrier (Opp. at 8, 11-13), and (2) had to use registered or certified mail and regular mail. *Id.* at 7-8. Defendants are wrong on both points.

**1. July 10, 2026 Service Pursuant to the Hague Convention was Proper**

Plaintiffs properly served each of the Cypriot Defendants pursuant to *Rule* 4:4-4(b)(2) and the Cyprus' elections under the Hague Service Convention. Where "the Hague Convention is applicable, service pursuant to its procedures is mandatory." *Atlas Data Priv. Corp. v. Thomson Reuters Corp.*, No. 24-4269, 2025 U.S. Dist. LEXIS 83452, at *4 (D.N.J. May 1, 2025) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)). The United States Supreme Court has held that service by postal channels is a permissible method of service where (1) the receiving state has not objected to Article 10(a) and (2) otherwise-

applicable law authorizes such service. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017).

Cyprus is a signatory to the Hague Service Convention and has not objected to service through postal channels. *See* ECF No. 16-5 at 9. So, the first prong of *Water Splash* is satisfied, which Defendants do not contest. Opp. at 9. Likewise, Defendants failed to contest that proper service under the New Jersey Rules satisfies the second prong of *Water Splash*. *Id.* at 9, 12. Rather, Defendants argue that Plaintiffs' service methods were insufficient under *Rule* 4:4-4.

*Rule* 4:4-4(b)(2) permits service "as provided by law," i.e. Article 10(a) of the Hage Service Convention. In this district, delivery by commercial carrier in a country that has not objected to Article 10(a) through a private courier satisfies service. *See Evergreen Shipping Agency v. Glob. Shipping Agencies*, C.A. No. 19-4958, 2019 U.S. Dist. LEXIS 195500, at *2 (D.N.J. Nov. 12, 2019) (sending the summons and complaint to defendant's principal place of business was proper service in a signatory country with no objection to Article 10(a)); *see also Gapanovich v. Komori Corp.*, 255 N.J. Super. 607, 612-16 (App. Div. 1992). Other district courts have found the same. *See. e.g., Warren v. Cox*, 25-CV-6384 (JGLC), 2026 U.S. Dist. LEXIS 173534, at *9 (S.D.N.Y. Aug. 3, 2026) (international couriers are postal channels under the Hague Convention); *Ackourey v. Noblehouse Custom Tailors*, 2013 U.S. Dist. LEXIS 163535, at *4 (E.D. Pa. Nov. 15, 2013) ("FedEx,

DHL, and other commercial mail couriers" are permissible "postal channels"). Accordingly, service upon the Cypriot Defendants was proper.

***DeleteMe Eu.*** Service was effectuated upon DeleteMe Eu. by serving its registered office through a permissible postal channel and signed for on July 10, 2026. DeleteMe Eu. does not contest a package containing the summons and Complaint was delivered via UPS International, and there is no evidence that any of the three packages were rejected or otherwise returned.

***Criton Tornaritis.*** Defendants argue that service upon Mr. Tornaritis was improper because he was not served at his residence or usual place of abode. Opp. at 12-13. Such service is not required under the Hague Service Convention given that Cyprus' elections under Article 10(a) permitting sending documents "by postal channels, directly to persons abroad." There is no further requirement that service be directed to a residence or place of abode.

Mr. Tornaritis does not dispute that Ms. Neoptolemou signed for the UPS packages, or that they were delivered. *See generally* Tornaritis Decl. The case relied on by Defendants, *Dawson v. Wright*, does not change that fact. No. A-0952-06T5, 2007 N.J. Super. Unpub. LEXIS 199 (App. Div. Nov. 15, 2007). There, the defendant was served at a commercial location to which he had a limited connection and was unaware of the suit after a default judgment had been entered. *Id.* at *8. Critically,

the Appellate Court found the record lacked any proof of service of the Complaint. *Id.* at *2 & n.2.

Absent objection to Article 10(a), "the Hague Convention 'authorizes the use of 'postal channels' to effectuate service on an international litigant[.]'" *Warren*, 2026 U.S. Dist. LEXIS 173534 at *7 (considering Fed. R. Civ. P. 4(f)(1)). Plaintiffs used UPS International to serve the Cypriot Defendants at a registered office or an address reasonably calculated to provide notice of this lawsuit. Plaintiffs complied with Article 10(a) and due process, *id.* at *10, and service was validly effectuated.

**2. July 10, 2026 Service via Certified and Regular Mail was Proper**

Even if the Court determined service upon the Cypriot Defendants through *Rule* 4:4-4(b)(2) and the Hague Service Convention was invalid, service also complied with *Rule* 4:4-4(b)(1)(C). In New Jersey, if personal service cannot be obtained through service in the state, service by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to" a corporation addressed to its principle place of business or registered office is permissible. *Rule* 4:4-4(b)(1)(C).

Defendants make some common arguments, and some defendant-specific arguments with respect to this Rule. As to both Cypriot Defendants, they argue that the absence of a return-receipt indicates the certified and regular mail were not delivered; filing the certification of diligent inquiry was a precondition to mail

service, *see infra* at III.B; and for an overly strict interpretation of the Rules regarding service.

First, Defendants are correct that *Rule* 4:4-4(b)(1)(C) specifies the use of registered, certified, and regular mail in its text. Opp. at 7. Defendants are wrong, however, that a lack of proof of delivery indicates non-delivery. There are several instances where delivery was presumed even when mail was not returned. *See Rules* 1:5-4(b); 4:4-7 ("Failure to make proof of service does not affect the validity of service."); *First Resolution Inv. Corp. v. Seker*, 171 N.J. 502, 510 (2002); *U.S. Bank Nat'l Ass'n v. Curcio*, 444 N.J. Super. 94, 106 (App. Div. 2016).

Defendants make much of this fact, but never say the packages were not received. Instead, Mr. Tornaritis only affirms that he "did not receive the Summons and Complaint by certified or registered mail ***at [his] residence.***" Tornaritis Decl. ¶ 15 (emphasis added); Opp. at 7 ("The record establishes that on July 10, 2026, a package was delivered by UPS to a different floor of the building where DeleteMe Eu.'s registered agent is located.").

Second, New Jersey courts have consistently found that technical defects with service may be cured and may not be fatal. "[N]ot every defect in the manner in which process is served renders the judgment upon which the action is brought void and unenforceable." *Rosa v. Araujo*, 260 N.J. Super. 458, 462 (App. Div. 1992). "Where due process has been afforded a litigant, technical violations of the rule

concerning service of process do not defeat the court's jurisdiction." *Id.* at 463 (citing *O'Connor v. Altus*, 67 N.J. 106, 127-28 (1975)). Due process here considers whether notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *O'Connor*, 67 N.J. at 126 (citation omitted). As both Cypriot Defendants received actual notice of the suit, any technical defects should be excused.

***Criton Tornaritis.*** The Cypriot Defendants are in slightly different postures. With respect to Mr. Tornaritis, all arguments center around the service address. Specifically, Defendants argue that the diligent inquiry Plaintiffs performed was deficient because they failed to identify Mr. Tornaritis' home address[2], that Plaintiffs did not mail the summons and Complaint to his home address, nor was he served at his home address. Tornaritis Decl. ¶¶ 10-11. But the use of a business address to serve Mr. Tornaritis does not render service constitutionally deficient. *See Rule* 4:4-3(a); *Staton v. Theta Holding Co., L.P.*, No. A-2045-08T2, 2009 N.J. Super. Unpub. LEXIS 2914 (App. Div. Nov. 25, 2009) (delivery to a business defendant controlled was a defect but did not defeat jurisdiction); *DeGroot, Kalliel, Traint & Conklin, P.C. v. Camarota*, 169 N.J. Super. 338, 341-42 (App. Div. 1979).

---

[2] Defendants do not ask the Court to decide the sufficiency of Plaintiffs' certification of diligent inquiry. Opp. at 14; *see also Modan v. Modan*, 327 N.J. Super. 44, 47-48 (App. Div. 2000).

Mr. Tornaritis designated the address for official correspondence to the U.S. Government, and for DeleteMe Eu., the entity for which he is the Director and Secretary. He was personally sued because of these roles. 16 Stasikratous is the locale of an extensive list of current and former business ventures tied to Mr. Tornaritis. *See* Reply Cert. at Exs. B-E. Mr. Tornaritis ostensibly controls DeleteMe Eu. and all business activity on the 6th and 7th floors. The use of this commercial address does not invalidate service.

***DeleteMe Eu.*** Defendant DeleteMe Eu. claims another technical defect: that the packages addressed to DeleteMe Eu. were received on the wrong floor and by person allegedly unconnected to the entity. Opp. at 7-8. More specifically, Defendants argue that Ms. Neoptolemou works on the 6th floor (home of the Tornaritis Law Firm) and not for DeleteMe Eu, on the 7th floor. *Id.* at 13; *but see O'Connor*, 67 N.J. at 128 (personal service sufficient when process left with a receptionist "sufficiently integrated with the" organization). This argument imports requirements for personal service. *See R.* 4:4-4(a)(6). *Rule* 4:4-4(b)(1)(C) only requires the package be addressed to a "principal place of business" or a "registered office."

Ms. Neoptolemou could accept mail service because the service package was addressed to DeleteMe Eu.'s registered office and principal place of business. *See Rule* 4:4-4(b)(1)(C). Moreover, Defendants do not deny Ms. Neoptolemou was

authorized to receive mail for DeleteMe Eu.—only that she is not Mr. Tornaritis' agent for service of process. Tornaritis Decl. ¶ 14.

#### a. The Cypriot Defendants Were Provided Actual Notice

Defendants rely on technical objections, but do not deny receipt. Tornaritis Decl. ¶¶ 13–16. "An elementary and fundamental requirement of due process . . . to be accorded finality is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rosa*, 260 N.J. Super. at 463 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "Where due process has been afforded a litigant, technical violations of the rule concerning service of process do not defeat the court's jurisdiction." *Id.*[3]

The summons and Complaint reached the right people and the right entities. Two packages, one to DeleteMe Eu. and one to Mr. Tornaritis, were delivered and signed for on July 10, 2026. Not only were Plaintiffs' efforts clearly reasonably calculated to apprise Defendants of the suit, but they did in fact notify Defendants of same. Service complied with applicable rules, any deviation was technical, notice was given, and due process satisfied. *See Gapanovich*, 255 N.J. Super. at 615

[3] Even if the Court were to find service under *Rule* 4:4-4(b)(1)(C) invalid, there is no doubt that service complied with *Rule* 4:4-4(b)(2) which allows for service provided by law.

("defendant does not deny actual notice of the complaint and . . . the mail service effected in this matter accords with our notions of justice and due process").

**B. Plaintiffs Complied with New Jersey Rules in Filing the Certification of Diligent Inquiry**

Defendants' argument that substituted service was procedurally defective because the certification of diligent inquiry was not filed before mail service was initiated, Opp. at 9-12; 14-15, lacks merit. Indeed, this argument finds no support in the New Jersey Rules and has been resoundingly rejected by courts. *See, e.g.*, *Germinario v. RAM Payment, L.L.C.*, No. 1:19-cv-15164, 2020 U.S. Dist. LEXIS 68288, at *10 (D.N.J. Apr. 20, 2020) (rejecting "the argument that N.J. Ct. Rule 4:4-4(b)(1) requires that an affidavit of diligent inquiry must be filed before the use of the . . . methods set forth in" *R.* 4:4-4(b)(1)(A)-(C)); *Deutsche Bank Nat'l Tr. Co. v. Choi*, No. A-2947-15T3, 2017 N.J. Super. Unpub. LEXIS 2149, at *8 (App. Div. Aug. 25, 2017) (same).

The Rules only require that a diligent inquiry be made before mail service is attempted. They do not require the certification of diligent inquiry be filed before serving. Adhering to Defendants' interpretation of the Rules would impose an obligation on Plaintiffs that is absent from the text of the rules and contrary to New Jersey Courts' interpretation of the same. In fact, the only filing requirement set by the New Jersey Rules contemplates that the certification of diligent inquiry is a post-service filing. *Rule* 4:4-7 directs a plaintiff to file "the affidavit or affidavits of

diligent inquiry" with the proof of service. The same rule requires that the proof of service affidavit "include . . . the facts of the affiant's diligent inquiry." *Id.* This requirement allows the Court to confirm both that an inquiry was made prior to service, and to examine the sufficiency of the inquiry. *Germinario*, 2020 U.S. Dist. LEXIS 68288 at *11.

The cases on which Defendants rely are inapposite. The court in *Leavitt v. Sky Warrior Bahamas, Ltd.* Civ. No. 24-886-RMB-SAK, 2024 U.S. Dist. LEXIS 172136 (D.N.J. Sept. 24, 2024) took issue with the content of the affidavit filed by plaintiff where plaintiff served the registered agent for a different entity that could not accept service. Despite written rejection, plaintiff never attempted service again. *Id.* at *20. And in *Travelodge Hotels, Inc. v. Vijay Invs., LLC*, Civ. No. 07-4033 (FSH), 2007 U.S. Dist. LEXIS 93840, at *6-7 & n.3 (D.N.J. Dec. 21, 2007) the court denied a motion for substituted service as unnecessary under *Rules* 4:4-(b)(1)(C) and (b)(3). It merely affirmed that the inquiry and preparation of an affidavit is a prerequisite to service under *Rule* 4:4-4(b)(1)(C). And, finally, *Cruz v. City of Newark*, plaintiff "critically, . . . failed to file an affidavit satisfying any such diligent effort or inquiry." No. 2:25-cv-04554 (BRM) (JBC), 2026 U.S. Dist. LEXIS 85872, at *12 (D.N.J. Apr. 20, 2026); *see also Sobel v. Long Island Entm't Prods., Inc.*, 329 N.J. Super. 285 (App. Div. 2000) (no affidavit of diligent inquiry filed).

And, most relevant here, in other Daniel's Law cases in New Jersey state courts, claims have accepted certifications of diligent inquiry filed after service to enter default judgments. *See, e.g., Atlas Data Privacy Corp. v. Radaris, LLC*, MID-L-847-24 (Law Div.); *Atlas Data Priv. Corp. v. DrivenIQ Corp.*, ESX-L-7211-24 (Law Div.); *Atlas Data Priv. Corp. v. Cole Information Servs., Inc.*, ESX-L-7209-24; *see also Atlas Data Priv. Corp. v. Constella Intelligence, Inc.*, ESX-L-7212-24; *Atlas Data Priv Corp. v. Trestle Sols., Inc.*, UNN-L-1737-25 (Law Div.) (attached as Exs. F-J to the Livingston Reply Cert.).

As stated in Plaintiffs' certification of diligent inquiry, the diligent inquiry occurred on July 7, 2026, before any summons and Complaint was put in the mail. It was subsequently filed per *Rule* 4:4-5. ECF Nos. 16-8, 16-7.

### C. There Is No Dispute that DeleteMe USA LLC Was Properly Served

Despite the Notice of Removal's denial of proper service, ECF No. 1 at ¶¶ 3, 15, the Opposition makes no argument that the July 20, 2026 service on DeleteMe USA was defective. Defendant implies, but does not specify, a problem with service. Opp. at 15-16.

## IV. CONCLUSION

For the foregoing reasons, remand is required, and Plaintiffs respectfully submit that the motion should be granted in its entirety.

Dated: October 14, 2026

**PEM LAW, LLP**

*Attorneys for Plaintiffs*

By: *<u>/s/ Julia R. Livingston</u>*

Julia R. Livingston, Esq. (558142026)
Rajiv D. Parikh, Esq. (032462005)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Emails: jlivingston@pemlawfirm.com
rparikh@pemlawfirm.com