IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| DELETEME USA LLC, et al. | : | NO. 26-10945 |

MEMORANDUM

Bartle, J. October 29, 2026

Plaintiff Atlas Data Privacy Corporation ("Atlas") as assignee of over 6,000 individuals as well as plaintiffs Scott Maloney, Justyna Maloney, and Patrick Colligan have sued defendants DeleteMe USA LLC, DeleteMe Europe Ltd., and Criton Tornaritis, for violation of a New Jersey statute known as Daniel's Law. N.J. Stat. Ann. §§ 56:8-166.1., et seq. The action was originally filed in the Superior Court of New Jersey in Essex County. The defendants removed the action to the United States District Court for the District of New Jersey on the ground of diversity of citizenship under 28 U.S.C. § 1332(a)(2).

Before the court is the motion of the plaintiffs to remand this action to the state court on the ground that defendants did not timely remove the action within the thirty-day period allowed under 28 U.S.C. § 1446(b)(1).

I

Plaintiffs have filed an affidavit of service in which it is stated that defendant DeleteMe Europe Ltd. and Criton Tornaritis were each served in Nicosia, Cyprus on July 10, 2026 by UPS International Mail with a signature required as well as by certified and regular mail originating with the United States Postal Service. The affidavit of a process server related to DeleteMe USA states that he served this defendant in Newark, Delaware on July 20, 2026 by leaving a copy of the summons and complaint with a registered agent. The defendants filed a joint Notice of Removal in this court on August 25, 2026.

28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

The defendants DeleteMe Europe and Criton Tornaritis both assert a number of reasons why in their view service was improper so that the thirty-day removal period has not been triggered.

The court first focuses on the purported service on the individual defendant Criton Tornaritis pursuant to the New Jersey Rule of Court 4:4-4 for the service of summons, writs,

and complaints. If the summons and complaint cannot be personally served within the state under Rule 4:4-4(a), Rule 4:4-4(b)(1) allows for personal service outside the territorial jurisdiction of the United States:

> (b) . . . [I]n accordance with any governing international treaty or convention to the extent required thereby, and if none, in the same manner as if service were made within the United States . . .(c) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, <u>addressed to the individual's dwelling house or usual place of abode</u> . . . . [emphasis added]

It is undisputed that service on Criton Tornaritis was <u>not</u> made on him at his dwelling house or usual place of abode. Plaintiffs acknowledge that the summons and complaint were instead delivered to his law firm in Nicosia.

Plaintiffs assert that the failure to serve him at his residence is not fatal. They rely on Rule 4:4-4(b) which provides that service may be made in accordance with any governing international treaty or convention. Plaintiffs cite the Hague Service Convention which provides in Article 10:

> Provided the State of destination does not object, the present Convention shall not interfere with –
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . . .

The Supreme Court in Water Splash, Inc. v. Menon, 581 U.S. 271 (2017), held that service by mail is permitted under Article 10(a) of the Hague Convection if two conditions are satisfied:

> first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.

Id. at 284.

There is agreement that Cyprus does not object to service by mail, but that is not sufficient. Pursuant to Water Splash, the court must also determine whether service is proper under otherwise-applicable law, that is the law of New Jersey. Since service was not made on defendant Tornaritis at his dwelling house or usual place of abode, plaintiffs have not met the requirements of New Jersey law and thus have not met the second condition under Water Splash to satisfy the Hague Convention.

The clock does not begin to tick for the thirty days for removal until the summons and complaint have been validly served on Tornaritis. His notice of removal is timely since he has not been validly served and therefore the thirty-day period has not even begun to run as to him. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

In the Third Circuit, when there are multiple defendants, the later-served rule applies to the expiration of the thirty-day period for removal under 28 U.S.C. § 1446(b). See Delalla v. Hanover Ins., 660 F.3d 180 (3d Cir. 2011). Under this rule, each defendant has thirty days to remove, with the time beginning to run for that defendant when it is served. Id. at 182. If an earlier served defendant declines or fails to file a notice of removal within its thirty-day window, it may still consent or join in the timely notice of removal of a later served defendant. Id. at 188.

Here, DeleteMe Europe Ltd. and DeleteMe USA have joined in the notice of removal with Criton Tornaritis. Because his removal is timely, the notice of removal is timely as to all three defendants.

The motion of plaintiffs to remand this action to the Superior Court of New Jersey in Essex County will be denied.

BY THE COURT:

/s/ Harvey Bartle III
J.